GEORGE B. BROWN, EXECUTOR, v. JOHN MITCHELL ET AL.

No. 166.

## 1. Evidence of Mental Capacity—Will.

The mental capacity of testatrix to make the will being in issue, it was competent to prove her acts and declarations before, at the time of, and after signing the will, tending to throw light upon her mental condition at the time. The making of a former will stands upon the same footing as declarations, and would be admissible under same circumstances...... 141

## 2. Opinion as to Mental Capacity.

A witness may be asked and may answer a question as to his opinion as to the mental capacity of testatrix to make a will, such capacity being in issue ...... 142

QUESTIONS CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Tarrant County.

*F. M. Brantley* and *D. W. Humphries*, for appellant.—1. The twelfth direct interrogatory and answer [see opinion] should have been excluded, for the reason that it was leading and called for conclusions as to law and fact. Gherke v. The State, 13 Texas, 568; Parnell v. Gandy, 46 Texas, 191; Mills v. Herndon, 60 Texas, 358; Fairchild v. Bascom, 35 Vt., 398; De Witt v. Barley, 17 N. Y., 347; In re Arnold, 4 Hun, 525; Laws. on Exp. and Opin. Ev., 118; Abb. Trial Ev., 118.

2. The court erred in excluding the testimony of the witness W. R. McLaury, Esq., to the fact that some two months prior to the death of deceased, the witness, by request and by direction of deceased, drew up a will to be executed by deceased, but which owing to the advice and request of defendant was never in fact executed by deceased, and that by the terms of the proposed will it gave to defendant all deceased's property. Rogers v. Crain, 30 Texas, 284; Roberts v. Traiwick, 17 Ala., 55; Redf. on Wills, 548, 116, 126, 537, 551.

*Ball, Temple & Ball, H. M. Chapman,* and *C. M. Templeton*, for appellees.—1. Upon an issue of insanity or the lack of mental capacity to make a will, nonprofessional witnesses will be permitted to state their opinions, together with a statement of the facts upon which their opinions are based. Brown v. Mitchell, 75 Texas, 9; Thomas v. The State, 40 Texas, 60; Cockrill v. Cox, 65 Texas, 669; Garrison v. Blanton, 48 Texas, 300.

2. The question of undue influence having been excluded from the jury by the court's charge, the declarations of the deceased prior to the execution of the will were inadmissible, and the action of the court in excluding the testimony of the witness McLaury on that point was not

error.  The declarations of a testator prior to the execution of a will are only admissible to show that the testator was or was not unduly influenced at the time of the execution of the will.  Redf. on Wills, 527, 528, sec. 39.

BROWN, Associate Justice.—The following questions are certified in this case:

" 1.  Where the issue is not one of undue influence, but solely of mental capacity, whether the party asserting that the deceased had sufficient mental capacity to make the will may be permitted to show that within a reasonable time before the execution of the will, and while the testatrix was of sound mind, a will of identical import had been prepared at her instance, and according to her directions; and this in a case where the preparation of the last will was made at the instance of the husband claiming under it, without it being made to appear whether in directing its preparation he was acting of his own motion or under instructions from the testatrix.

" 2.  Whether it is competent for a witness, testifying as to mental capacity, to state the following answers to the following questions, over the objections that conclusions both of law and fact were called for: ' State whether or not in your opinion Mrs. Lizzie Brown had sufficient mental capacity at any time after you first saw her to make and declare her last will and testament.'  Answer:  'At no time did Mrs. Brown, in my opinion, have sufficient mental capacity to make or declare her last will and testament.  Further, I do not think she was capable of making a will.' "

Answer to first question:  The mental capacity of Mrs. Brown to make the will contested being the issue before the court, acts done or declarations made by her before, at the time of, or after the making of the will, which tended to throw light upon the condition of her mind *at that time*, were admissible in evidence.  The making of a former will stands upon the same footing as declarations made, and evidence concerning that fact would be admissible under the same circumstances.

The admissibility of such evidence depends largely upon the other evidence introduced, showing the relation of such declarations or acts to the facts to be proved.  The mere fact that Mrs. Brown had at any time prior to the making of this will caused one to be prepared which was the same or of like import, could not of itself throw any light upon her condition of mind at the time the last will was made, especially when it was prepared by direction of another person.  Under the facts stated the evidence was not admissible.

Answer to the second question:  Referring to the original record of this case when before this court, we find that substantially the same questions, answers, and objections as are contained in this question were be-

fore this court, and it was held that they were admissible in evidence. Brown v. Mitchell, 75 Texas, 15.

If the evidence showed that the witnesses were cognizant of the facts upon which the opinions were based, the evidence was admissible.

Delivered June 7, 1894.