EUGENIE CUNNINGHAM V. AUSTIN & NORTHWESTERN
RAILWAY COMPANY.

No. 303.

**1. Cross-Examination—Specific Acts Evidencing Inattentiveness.**

It being in issue whether a competent car inspector had been in employ of the railway at time of a train wreck resulting from a defective car wheel, the inspector having been called as witness by the railway, it was competent for the plaintiff, suing for damages for death of an employe in the wreck, on cross-examination, to ask the witness whether he inspected the cars of the railway company at specified days subsequent to the wreck. The testimony was competent on question of attentiveness of the witness as car inspector, as also to test the memory of the witness.................. 537

**2. Bill of Exceptions—Cross-Examination.**

In a bill of exceptions to the exclusion of questions to a witness on cross-examination, it is not necessary to state what answers were expected to the excluded questions .......................................... 538, 539

CERTIFIED QUESTION from Court of Civil Appeals for Third District, in an appeal from Travis County.

*J. L. Peeler*, for appellant.—Where a person is charged with negligently omitting to perform a certain duty, it is competent to show that he omitted such duty in the same way afterwards, as tending to show that he omitted the duty at the time in question. Newberger & Son v. Heintze & Co., 3 Texas Civ. App., 259; Henry v. Railway, 50 Cal., 176; The State v. Brown, 52 N. H., 549; Whart. on Ev., sec. 21; 7 Am. and Eng. Encyc. of Law, 60–63.

*Fisher & Townes*, for appellee.—The question may be thus stated: Is it permissible, on the cross-examination of a servant shown to be competent and efficient, to make inquiry as to his acts or omissions, transpiring subsequently to the act or omission complained of, where they are similar to, but in nowise connected with, the act or omission, or one of the acts or omissions, relied upon as constituting the negligence contributing to or causing the injury complained of?

Testimony to be legally admissible must bear directly on the issues joined between the parties by their pleadings. The issues in this case relate to the matters transpiring on or before December 22, 1892. As to such issues the pleadings advised the appellee to be prepared with its testimony; as to matters subsequent to that date it had no such notice, and could not be required to be ready to make proof. 1 Greenl. on Ev., 14 ed., sec. 52; 7 Am. and Eng. Encyc. of Law, 58.

The testimony offered by appellant and excluded by the court was inadmissible, because it was res inter alios acta, and no part of the res gestæ. 7 Am. and Eng. Encyc. of Law, 58–62; 1 Rice on Ev., 506.

The testimony was inadmissible for the purpose of impeachment, as it is never permitted to interrogate a witness on immaterial issues for the purpose of inducing him to swear falsely in regard thereto, in the hope of showing such falsity by other witnesses, and thus destroying the effect of his testimony. Winton v. Meakin, 25 Conn., 456; Fletcher v. Railway, 1 Allen, 9; Gandolfa v. Appleton, 40 N. Y., 533; Furst v. Railway, 72 N. Y., 542; Railway v. Brunson, 63 Ga., 504; Hildeburn v. Curran, 65 Pa. St., 63; Woodward v. Eastman, 118 Mass., 483; Briggs v. Hervey, 130 Mass., 186; 1 Greenl. on Ev., sec. 449; 1 Whart. on Ev., sec. 559; 1 Rice on Ev., 633.

Similarity of a fact in issue to a disconnected fact sought to be proven will not render admissible evidence of such disconnected fact. The relation between the two must be something in addition to mere similarity. It must amount to causal connection. 7 Am. and Eng. Encyc. of Law, 58. There is no such connection between the fact in issue in this case and the fact sought to be proven in the testimony excluded. While it may be true, in some sense, that proof of neglect of duty by the inspector on dates subsequent to the 22nd of December, 1892, might have a tendency to prove his neglect of duty on that day, the law does not recognize this as a reason for opening up the interminable issues that would grow out of the adoption of a rule which would permit such testimony. The relation between the facts is merely one of similarity; that is, if he neglected the duty on subsequent dates, similar neglect of duty might be inferred on that date. This is the extent to which the argument in favor of the admission of the testimony could go, and this we see from the authorities is not sufficient. There is no causal connection between the fact in issue and the fact sought to be established by the offered proof. It could not be that failure to discharge a duty by the inspector at Llano at any time subsequent to Cunningham's death could be in any way the cause of such death, or that his death could have been the cause of such neglect, if any existed.

DENMAN, ASSOCIATE JUSTICE.—Appellant seeks to recover damages for the death of her husband, James Cunningham, a conductor on one of appellee's trains, caused by a wreck occasioned by the

breaking of a car wheel on a car running from Llano to Austin, on the 22nd day of December, 1892.

The petition charged the negligence to consist in the fact that the wheel had a crack or flaw in it, which was known to appellee, or could have been known by the use of ordinary care; and that appellee's car inspector (Rownie) at Llano, whose duty it was to carefully inspect wheels before the same left Llano, was incompetent to perform the duties required of him, and that on the day of Cunningham's death he did not inspect said wheel, as was his duty.

There was testimony tending to show that there was an old crack in the wheel, and that it could have been discovered by an inspection made by a competent inspector.

The witness Rownie, for defendant, testified, that he inspected the wheel on the morning of the accident, at Llano, he being the only inspector on the road outside of Austin, and during the time inquired about hereafter, and it being his duty to inspect the cars at Llano on said dates, and that at the date of such inspection he could discover nothing wrong with the wheel.

On cross-examination the witness Rownie testified, that the reason he said he inspected it on December 22nd was because he understood the accident was on that date, and because he inspected that car every day it was in Llano, and that he did not think there was any other reason for his remembering it, only that he knew he inspected it every day; that he knew it was 7 o'clock that he looked over the coach on that morning, because that was the hour he always went to work.

Counsel for appellant thereupon asked the witness whether he inspected the cars at Llano on the 23rd and 27th days of December, 1892; January 6, 1893; February 21, 1893; March 9, 1893, and April 4, 1893, all subsequent to the date of the accident; counsel stating, that the object of the question was to prove by Rownie that on said dates he had not inspected the wheels of appellee's trains at Llano, and if he stated that he had inspected them on any one or all of the above dates, then to offer witnesses who would testify that he did not inspect them on either of said dates.

Counsel for appellee objected to this testimony as being incompetent, irrelevant, and immaterial, and not tending to prove any issue in the case, and that, since appellant was seeking to recover for an injury inflicted on the 22nd of December, 1892, anything that Rownie may or may not have done after that date was wholly irrelevant and immaterial, and that on such matters the witness could not be impeached.

The court sustained the objections, and refused to allow the questions.

Under the circumstances stated above, the Court of Civil Appeals for the Third Supreme Judicial District has certified to this court the question: "Did the District Court err in sustaining the objections aforesaid, and excluding the testimony referred to?"

If there were no issue in this case as to Rownie's competency, we are of the opinion that there would be no causal connection between the negligence of Rownie on days subsequent to the ·injury and the. death of Cunningham. Such subsequent neglect of duty to inspect cars might raise a moral probability that he failed to inspect the car on the morning of the accident, but such probability alone would not connect such negligence with the chain of circumstances resulting in the death. In order to prevent confusion and surprise in the trial of causes of this character, courts have, as a general rule, confined the evidence to circumstances tending to establish facts constituting links in the chain of circumstances having a causal connection with the injury.

The pleadings and evidence, however, raise the issue as to Rownie's competency as a car inspector, which involves, first, his skill, and second, his attentiveness to duty. If he was lacking in any of these qualities, he could not be said to be competent to perform the important duties required of him. It is a matter of common knowledge that some persons are by nature inattentive, or thoughtless, and, as a result thereof, frequently neglect the performance of important duties, ·without any intention so to do. This mental quality can only be evidenced by the outward acts of the person, and where its existence or nonexistence is in issue, evidence of such acts is admissible. If Rownie was an inattentive or thoughtless person, such mental quality was a relevant fact upon the issue as to whether he probably inspected the cars on the particular morning of the accident; and this is particularly true, since his testimony disclosed that one of his reasons for knowing that he inspected the wheel was the fact that he invariably performed that duty before the car left Llano. · Thus it seems that frequent failures to perform this duty at different times would be competent evidence, tending to prove this mental condition, and we see no reason why such omissions subsequent to the time of the accident would be less competent than similar omissions prior to the time of the accident.

In the case of Frazier v. Railway, 38 Pennsylvania State, 104, one of the issues being negligence of the company in employing a careless conductor, "the plaintiff offered to prove by the conductor that he had had several collisions on the road before, for which he was fined by the company, and that the agents, etc., of the company knew this; that the former collisions were caused by his carelessness; that they were known to the company, and were so treated by them." Defendants objected, on the ground that previous acts of negligence are not matters for the jury as to general character, and the court below having admitted the evidence over such objection, the Supreme Court held it error, using the following language: "The question of character thus became an important one, and we are constrained to say that it was tried on improper evidence. Character for care, skill, and truth of witnesses, parties or others, must all alike be proved by evidence of

general reputation, and not of special acts. The reasons for this have been so often given, that we need not repeat them.   1 Greenl. on Ev., secs. 461–469; 7 Casey, 67.   Character grows out of special acts, but it is not proved by them.   Indeed, special acts do very often indicate frailties or vice that are altogether contrary to the character actually established.   And sometimes the very frailties that may be proved against a man, may have been regarded by him in so serious a light as to have produced great improvement of character.   Besides this, ordinary care implies occasional acts of carelessness, for all men are fallible in this respect, and the law demands only the ordinary."
· We are not disposed to follow this case.   The citation from Mr. Greenleaf refers to methods of attacking the character of a witness, which is an incidental question, affecting merely his credibility.   The question here is the existence or nonexistence of a mental condition or quality of the servant, inattentiveness or thoughtlessness, rendering him incompetent, such incompetency being direct evidence on the main issue in the case.   We see no reason why specific acts can not be given in evidence upon such issue, just as they could upon the issue of testamentary or contractual capacity.   Brown v. Mitchell, 87 Texas, 140.   We are aware of the fact that the Pennsylvania case above cited was referred to, without approval or disapproval, in the case of Railway v. Scott, 68 Texas, 694, and that such reference was treated by Judge Marr as a strong intimation of approval thereof, in Railway v. Rowland, 82 Texas, 171.

We are of the opinion that appellant had the right, for the purpose above indicated, to show if he could, on cross-examination of the witness Rownie, that he had neglected to perform the duty of inspection at the times indicated above.   The State v. Railway, 52 N. H., 528.

Independent of the questions and issues above discussed, we are further of the opinion, that appellant had the right to propound and have answered the questions above stated, for the purpose of testing the memory of the witness.   This is especially true when we consider, as above indicated, that the witness did not appear to have a positive · recollection of the fact of inspecting the cars on the particular morning, but seemed to rely largely upon the fact that it was his duty to do so, and that he knew he invariably performed such duty.   It may be objected, that the bill of exceptions did not show definitely what answer the witness would have made to the questions, had he been permitted to answer.   The general rule is, that in order to entitle a party to a revision of the ruling of the lower court in refusing to allow him to propound a question to a witness, he must show what answer he expected to elicit, in order that the court may see that he has been deprived of legitimate evidence.   This rule applies mainly to a case where a party is seeking to introduce original evidence, the nature of which he should be expected to know before he offers the same, and is not applicable to a case where the party is cross-examining the witness of his

adversary, with whose knowledge of the case he is not supposed to be familiar.

In this class of cases we think the better rule is, that if the question appears on its face to be calculated to elicit competent testimony, it is error to refuse the same, although counsel may not be able to state to the court the answer intended or expected to be elicited. To exact such a statement would be to require counsel either to speculate upon the answer of an adverse witness, or deal unfairly with the court. Harness v. The State, 57 Ind., 1; Hutts v. Hutts, 62 Ind., 225; O'Donnell v. Segar, 25 Mich., 367; 1 Thomp. on Trials, sec. 680.

It results, from the principles expressed above, that we must answer the question propounded in the affirmative.

Delivered June 20, 1895.