Minnie Crawley, Appellee, v. Tomkins D. Jermain, Appellant.

Gen. No. 25,633.

1. ROADS AND BRIDGES, § 231*—*what care must be exercised when driving on sidewalk.* Pedestrians have a right of way upon a sidewalk, and one who drives a vehicle over such sidewalk is obligated by law to do so in a careful way so as to avoid injuring pedestrians lawfully using the sidewalk.

2. ROADS AND BRIDGES, § 231*—*what constitutes negligence in driving across sidewalk.* That one backing his automobile from a private roadway across a sidewalk at an excessive speed blew his horn as a signal and did not know that a pedestrian using the sidewalk was deaf and had somewhat impaired vision does not relieve him from liability for injury to such pedestrian.

3. MUNICIPAL CORPORATIONS, § 1061*—*right to assume safety of sidewalk.* A pedestrian on a sidewalk has the right to assume that the sidewalk is safe from the danger of automobiles passing across it and that it is as safe in this regard for a pedestrian having impaired sight and hearing as for one having unimpaired faculties.

4. MUNICIPAL CORPORATIONS, § 1098*—*when negligence of person driving automobile across sidewalk.* In an action by one to recover for injuries received through being struck by defendant's automobile as defendant was backing it across the sidewalk, defendant's admission that he did not know of the accident until after it had happened is cogent evidence that he was operating the automobile in a negligent manner.

5. MUNICIPAL CORPORATIONS, § 1060*—*right of pedestrian to use sidewalk.* A pedestrian using a public sidewalk at a point where it is intersected by a private driveway is not a trespasser.

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 12, 1920.

CHARLES S. KNUDSON, for appellant.

McARDLE & McARDLE, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HOLDOM delivered the opinion of the court.

In an action for personal injuries caused by defendant in running an automobile against the plaintiff and badly injuring her, plaintiff had a verdict and judgment for $2,000, and defendant appeals.

On the occasion in question plaintiff, an old lady whose sight and hearing were somewhat impaired and who was not familiar with the surroundings at the place of the accident, was, while walking upon the sidewalk, run into by defendant's automobile and severely injured.

Tripp avenue, upon which the accident occurred, is a resident street in Chicago. Defendant, who resided on this street, kept his automobile in the rear of his lot and maintained a driveway from the street to the garage where he kept the car, driving the same across the sidewalk from his lot to the street when going out and conversely in returning.

Defendant proceeds upon an erroneous theory as to the rights of the parties at the time of the accident, contending that plaintiff was not in the exercise of due care because she did not so act as to avoid the accident.

It is clear from the testimony that defendant was in his environment operating his automobile negligently. He was backing it out, which to some extent obscured his vision of travel upon the sidewalk, whereas had he proceeded in a forward direction he would have had an unobstructed view of persons or objects which might have been in his path upon the sidewalk. Pedestrians have a right of way upon a sidewalk, and one who drives a vehicle over such sidewalk is obligated by law to do so in a careful way so as to avoid injuring pedestrians rightfully using such sidewalk. Defendant was not driving upon a street or a private roadway at the time of the accident; moreover, he was proceeding at an excessive rate of speed, considering

Crawley v. Jermain, 218 Ill. App. 51.

the fact that he was driving not upon a roadway but over the sidewalk, where it was to be expected pedestrians would be encountered. The fact that he did not know that plaintiff was somewhat deaf and her sight impaired does not militate in his favor nor in any way minimize his responsibility for the accident and liability to respond in damages therefor. It is beside the question that he was honking the horn of his car, because, aside from giving such a warning, it was incumbent upon him to proceed across the sidewalk cautiously so as to avoid running over pedestrians rightfully proceeding upon the same.

It is idle, in the circumstances of this case, to contend that plaintiff was not in the exercise of due care for her own safety; she had a perfect right to assume that the sidewalk was safe for her to walk upon and that it was as safe for a deaf and near-sighted person as it was for those whose faculties of sight and hearing were normal.

Defendant's admission that he did not know of the accident until after it had taken place is cogent evidence that he was not proceeding with due care, but was operating his automobile in a negligent manner. The contention that plaintiff was a trespasser is fallacious; she was on the public sidewalk, where she had a right to be.

The special finding of the jury that plaintiff could not have avoided the accident by the exercise of ordinary care is, we think, abundantly sustained by the evidence and supports the general verdict of guilty.

Defendant's argument that the testimony of plaintiff's witnesses "did not ring true," that they "dodged" and were not candid nor fair nor entitled to full faith and credit, is, we think, in the light of all the evidence, without force, because there is really no controversy upon the material facts which in law fasten liability upon defendant for the accident in suit.

An examination of the instructions does not disclose any infirmities in any of them justifying a reversal of the judgment.

Plaintiff's injuries were very severe and the smallness of the verdict is cogent evidence of the fact that nothing occurred on the trial to affect the minds of the jury to the detriment of defendant.

The judgment of the superior court does justice between the parties and is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE McSURELY and MR. JUSTICE DEVER concur.