MUNSELL *v.* YERGER.

Opinion delivered October 30, 1922.

1. APPEAL AND ERROR—LIMITING CROSS-EXAMINATION—PREJUDICE.— Where the court of its own motion stated that further cross-examination of a witness concerning certain matters would not be allowed, no question is presented for review where appellant's counsel made no offer to cross-examine the witness further or to show what could be proved by him.

2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict on sharply conflicting evidence is conclusive.

3. ATTORNEY AND CLIENT—NEGLIGENCE IN DRAWING COMPLAINT.— Where a complaint seeking cancellation of a land contract alleged false and fraudulent representations concerning the land, the mere fact that the allegations as to misrepresentations would not alone constitute grounds for canceling the contract did not show such negligence of attorneys in preparing the complaint as would defeat their right to compensation, such allegations not being inappropriate in connection with the other allegations.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

*H. H. Hays,* for appellants.

*Jas. R. Yerger* and *B. F. Merritt,* for appellees.

McCulloch, C. J.  Appellees are attorneys at law and they instituted this action against appellants to recover compensation for services alleged to have been performed in an action instituted by them for appellants against a corporation named Jackson-Vreeland Land Corporation for the breach of a contract for the sale of certain lands.

Appellees alleged in their complaint that they charged and were paid a retainer fee of five hundred dollars for prosecuting the afore-mentioned action for appellants, and that there was to be a further agreement between the parties with respect to the amount of additional compensation to be paid.  They further alleged that they performed the services in said litigation by the institution and prosecution of the same until it was compromised and settled between the parties, and that a fair and reasonable value of the services so rendered was the sum of two thousand dollars in addition to the amount paid as retainer.

There was a demurrer to the complaint, which the court overruled, and then appellants filed a motion to make the complaint more definite and certain, to which appellees responded by an amendment to the complaint. Appellants then filed their answer, admitting that appellees had instituted the action against Jackson-Vreeland Land Corporation, that said litigation was settled before trial, but denied that there was any agreement for the payment of any fee in addition to the five hundred dollars paid at the institution of the action.  They alleged, on the contrary, that there was an agreement that no additional fee should be charged, and they also alleged that the services of appellees were of no value for the reason that the litigation afforded no relief to appellants, and that appellees were negligent in preparing the complaint in the cause and in refusing to amend the same after having had their attention called to its imperfections.

There was a trial of the cause before a jury, and the verdict returned was in appellees' favor, fixing the amount of the recovery at the sum of eight hundred dollars.

It appears from the testimony in the cause that appellants had entered into a contract with Jackson-Vreeland Land Corporation for the purchase of a large body of farm and timber lands in Chicot County at the price of fifty dollars per acre, the aggregate price being $157,590, and a controversy arose between the parties concerning the performance of the contract. Appellants claimed that there had been representations made to them, as an inducement to the purchase of the land, to the effect that the value of the land was fifty dollars per acre and could be sold for more than that; that the land would produce a bale of cotton per acre, and was above overflow from the Mississippi River, or any other waters, by reason of drainage canals; that the Boueff River had been opened and cleaned, all of which representations were, according to the claim of appellants and the allegations of their complaint against Jackson-Vreeland Land Corporation, false.

When the controversy arose between the parties, negotiations were opened up between them looking to a settlement of the controversy, and there was an oral agreement to the effect that the Jackson-Vreeland Land Corporation would convey certain other lands to appellants in settlement of the controversy. Upon the refusal of the Jackson-Vreeland Land Corporation to comply with the oral contract, appellants consulted appellees concerning the merits of the controversy and employed them to institute an action against the Jackson-Vreeland Land Corporation upon the contract. The complaint was prepared by appellees and filed in accordance with the request of appellants, setting forth the contract of purchase with the Jackson-Vreeland Land Corporation, the aforesaid misrepresentations concerning the value and condition of the land and its surroundings, and the

prayer of the complaint was that the contract be canceled and that the appellants recover the amount they had paid thereunder and damages, or that the Jackson-Vreeland Land Corporation be compelled to specifically perform their oral agreement to convey other lands.

During the pendency of the action appellants, by negotiation with their adversaries in the litigation, obtained a settlement whereby the Jackson-Vreeland Land Corporation performed their oral contract with respect to the conveyance of other lands, and appellants accepted this in settlement of the controversy.

The pleadings in the former litigation were introduced in evidence, and each of the appellees testified in regard to their employment and the services which they performed. They both testified that they were paid a retainer fee of five hundred dollars, and that there was an express agreement that the question of the amount of the fee in the litigation should remain in abeyance until the litigation was concluded. Each of them testified in detail as to services performed, and they stated that their services were of the value of two thousand dollars in addition to what had already been paid. Other attorneys testified in the case to the effect that the fee claimed by appellees was a reasonable one for the services performed.

Mr. E. G. Munsell, one of the appellants, who employed appellees and who conferred with them with reference to the litigation with the Jackson-Vreeland Land Corporation, testified in the case and stated that he had an explicit agreement with appellees, that the fee of five hundred dollars paid should be all that would be charged if the case was settled out of court before being tried in the chancery court.

In the course of the cross-examination of Mr. Yerger, counsel for appellants interrogated him concerning certain allegations of the complaint prepared by appellees in the Jackson-Vreeland Land Corporation litigation. The purpose of the inquiry was to show that some of the

allegations of the complaint with respect to misrepresentations in the sale of the land to appellants were immaterial and did not constitute grounds for the cancellation of the contract. The questions propounded to Mr. Yerger were intended to elicit a statement from him as to his opinion whether or not, as a matter of law, the representations concerning the value, location and productiveness of the land were sufficient, if false, to afford grounds for canceling the contract. The declared purpose of counsel was to show in this manner that appellees were negligent in the preparation of the complaint and did not state therein facts sufficient to constitute a cause of action.

After numerous questions of this sort had been propounded, the court, of its own motion, stated that no further cross-examination would be allowed concerning those matters for the reason that the demurrer to the complaint had been overruled. Exceptions were saved to this ruling of the court, and the ruling is now assigned as error.

Counsel did not make any further offer of proof along the lines of the cross-examination which had been pursued. There was an acceptance, in other words, to the ruling of the court, without offering to cross-examine Mr. Yerger any further or to show what could be proved by him. The incident therefore presents a case where there is not enough shown to make it apparent that prejudice resulted from the ruling of the court.

The case went to the jury upon instructions which submitted only the issues as to what the agreement was between the parties with respect to fee, and the value of the services performed. There was a sharp conflict in the testimony as to whether or not any additional fee was to be paid, but as both of the appellees testified concerning this agreement and stated that there was an additional fee to be paid, that issue must be treated as settled by the verdict of the jury. There was also testimony

sufficient to sustain the verdict as to the amount of compensation awarded.

Appellants requested the court to give an instruction which submitted to the jury the question of negligence of appellees in drawing the complaint and in failing to properly advise appellants of their rights and remedies in the controversy with the Jackson-Vreeland Land Corporation, but the court modified this instruction by striking out the statement in regard to negligence. We are of the opinion that the court was correct, for there was no proof in the case to justify submission of that issue to the jury. It is not shown that the allegations of the complaint were not in accordance with the facts communicated by appellants to the attorneys, nor that these allegations were, as a whole, insufficient to constitute a cause of action against the Jackson-Vreeland Land Corporation.

The complaint alleged false and fraudulent misrepresentations concerning the value of the land, its productiveness and its condition with respect to drainage, and it was alleged that these representations were relied upon and constituted an inducement to the purchase. Conceding that the allegations in the complaint with respect to false representations concerning the value of the land would not, alone, constitute grounds for cancellation of the contract, it was not an inappropriate allegation in connection with the other allegations of the complaint and did not in any wise lessen the effectiveness of the complaint as a statement of a cause of action. The incorporation of this allegation does not show either negligence or lack of skill which would justify a denial of compensation to the attorneys pursuant to agreement.

Upon the whole, we are of the opinion that the record is free from error and that there was evidence sufficient to sustain the verdict.

Judgment affirmed.