KEMP, APPELLANT, *v.* LORMER, APPELLEE.

(No. 4349—Decided January 24, 1949.)

*Mr. William D. Driscoll,* for appellant.
*Messrs. Marshall, Melhorn, Wall & Bloch,* for appellee.

CARPENTER, J. From a judgment for defendant entered on a verdict directed at the close of plaintiff's case, and from an order overruling a motion for a new trial, plaintiff appealed on questions of law. The journal entry does not state the basis on which the court made the direction, but from the bill of exceptions it appears that in doing so it said "that there is no evidence of negligence on the part of the defendant."

Plaintiff contends that there was error in the rejection of evidence and in directing the verdict.

In December 1946, plaintiff, James Kemp, and the Lormer family, including the son Robert, the defendant, were near neighbors in the village of Holland in Lucas county. The Lormers lived on the north side of Second street which was paved with asphalt. Their house was about 20 feet back from the sidewalk. Mr. Kemp's home was on Erie street which crossed Second street east of the Lormers. The section was a residential one.

About 6:45 p. m. on December 6, Kemp, who was 83 years old and quite hard of hearing, alighted from a bus at Clark and Second streets, about 200 feet west of Lormers, and walked east on the sidewalk on the north side until he came to the Lormer driveway where he turned south to cross the street to an alley in the rear of his home.

The distance from the walk to the pavement was between 10 and 12 feet. When he had taken one step off the sidewalk, he was struck by the Lormer automobile, then being backed out of the driveway by the defendant. Kemp sustained some injuries and this action was for the resulting damages.

The lights on the automobile were burning, as was the street light at the Clark-Second intersection 200 feet to the west.

The defendant was called for cross-examination and testified that the driveway was on the west side of his house. Over objection, he was finally permitted to say that there was a space of 50 feet between his home and the next house to the west. That was important, for that was the direction from which Kemp approached on the sidewalk to the place of collision.

Defendant said his automobile had been parked 50 feet or more from the sidewalk, and that he did not

look to the west until he was within .15 feet from the walk and could then see to the end of Second street. He said also that the rear window was "befogged with moisture" and he could not see through it, and that "looking directly back would be extremely difficult because of the construction of the car but I looked to the southeast and to the southwest perhaps in the direction of the sidewalk as I was going out."

The evidence record then shows the following:

"Q. What did you do if anything to assure yourself that you could back out of the driveway into the street without hitting anyone?

"Objection:

"The court: Sustained.

"Q. What did you do if anything to observe that your path was clear?

"Objection:

"The court: The objection is sustained."

After the automobile struck the plaintiff, it stalled. The defendant said he found him two feet out in the street "under the left rear bumper at the junction of the fender and bumper." It does not appear whether there was a curb on that street.

The above testimony was on cross-examination of the defendant, who had by amended answer admitted "that at said time and place a collision occurred between said automobile and the plaintiff, resulting in certain injuries to the plaintiff." Just why there were objections to the questions above quoted is not clear to this court, and why the objections were sustained is even more difficult of understanding. It was not incumbent upon the cross-examiner to tender what he expected the answer would be. *Martin* v. *Elden,* 32 Ohio St., 282. Neither the trial court nor this court can now know what those answers might have been. Had the defendant been required to answer, it is pos-

sible that it might have been obvious to the trial court that the direction should have been denied, hence the prejudicial character of the action the court took.

The plaintiff, as a pedestrian, had a right to use the street as he was doing, and whether he was negligent in any respect may have been a fact question for the jury's determination. It was not a matter of law for final action by the court.

Section 6307-47$b$, General Code, which requires a pedestrian to look ''in both directions to see what is approaching'' before stepping into a public road, does not apply here. That section applies to traffic on a street. Plaintiff had not reached the street, and that law did not require him to look behind.

It was the duty of the defendant, as he backed the automobile out of the private driveway across the public sidewalk and into the street on that dark night, to exercise ordinary care not to injure a pedestrian who was rightfully on that public street. Section 6307-46$c$, General Code. Whether he did use that care was a jury question. Had the jury found him negligent, there would have been a fact question of proximate cause.

No decisions of Ohio courts are cited to this court and it has found none very similar to this case. In other jurisdictions there have been many. Some of those are cited in the annotations in 67 A. L. R., 649, and 118 A. L. R., 244, and in 2 Blashfield's Cyclopedia Automobile Law and Practice, 279.

*Crawley* v. *Jermain,* 218 Ill. App., 51, was a more extreme case than the instant one, in that the plaintiff was an aged woman whose sight and hearing were both impaired, yet recovery by her was allowed for injuries sustained as were those of Mr. Kemp. The court said:

''It is beside the question that he [defendant] was

honking the horn of his car, because, aside from giving such warning, it was incumbent upon him to proceed across the sidewalk cautiously so as to avoid running over pedestrians rightfully proceeding upon the same.''

To the same effect are the following recent cases. Many more might be cited. *Chew* v. *Coffin,* 144 Neb., 170, 12 N. W. (2d), 839; *Brandes* v. *Freitas,* 116 Cal. App., 459, 2 P. (2d), 830; *Thomas* v. *Spinney,* 310 Mass., 749, 39 N. E. (2d), 753; *Guyan Chevrolet Co.* v. *Dillow,* 264 Ky., 812, 95 S. W. (2d), 796: *Moore* v. *Vance,* 4 La. App., 353; *Levy* v. *White,* 5 So. (2d), 28.

For error in sustaining objections to the evidence above noted and for the direction of the verdict, the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CONN and FESS, JJ., concur.