MYRTLE THOMPSON v. AAA LUMBER COMPANY

4702                                    432 S.W. 2d 873

Opinion Delivered October 28, 1968

*Robinson & Booth* for appellant.

*Batchelor & Batchelor* for appellee.

CONLEY BYRD, Justice.    Appellant Myrtle Thompson appeals from a judgment entered upon a running account in favor of appellee AAA Lumber Company. For reversal, appellant alleges that she was entitled to a directed verdict, that the trial court commented on the evidence and that the cumulative effect of the court's

erroneous rulings unduly prejudiced her in the presentation of her defense.

The record shows that Miss Thompson had been a customer of the lumber company for a number of years. She owned some rent houses and took care of others owned by her mother's estate. From time to time Miss Thompson would take the tenants by and authorize the tenant to make charges to her account for repairs.

Mr. J. E. Hannah, an employee of the lumber company, testified that its records were kept in the ordinary course of business and under his supervision. According to him, a credit sale would be entered on a charge ticket. Subsequently, within two or three days, the charge, showing the ticket number thereof, would be posted to the ledger sheet. When the customer was billed a copy of the charge ticket would be mailed along with a ledger sheet showing the balance due. Thereafter the customer would be billed from the ledger sheet.

The ledger sheet shows the balance brought forward as of January 28, 1964, was $294.57. The balance at the time of the trial was $331.34. Except for a paint store item, which will be discussed later, all charges and credits were carried as above explained. Mr. Hannah admits that some of the items charged on the ledger sheet were received by Miss Thompson's adopted brother and others. When asked what made him decide to charge such tickets to Miss Thompson, the record shows:

"A. I can't truthfully answer that because that is not my writing and I didn't wait on the customer when she came in. Miss Thompson in the nature of her business, she owns several pieces of property, and sometimes she would come in with a person and say that she was wanting to charge it.

Mr. Booth:

I object to that.

The Court:

He may answer. You asked him and I think that is the very heart of this lawsuit.

A. (From the witness) and sometimes she would come in and say that one of her tenants was coming in and sometimes she would come down with them as she did with her brother, Jimmy Thompson, on occasions, and his wife, at that time. She would come in with them when they would make purchases. To my knowledge she didn't sign any tickets herself, I don't know whether this was the occasion of the time she came or not. I don't know and I may not have been in the office at the time of that purchase. I did not make the ticket.''

Miss Thompson testified that she had a few rental houses and often had to do light repairs on them, that she would usually go with the person doing the work to the lumber company to get the material. On a few jobs she had her brother, Jimmy Thompson, help her with some repairs while he was staying at her house.

Miss Thompson acknowledges that she made payments from time to time, but does not remember the dates.

Under this testimony we hold that the trial court properly refused to direct a verdict.

We do not reach appellant's contention about the court's alleged error in commenting on the evidence. The matter was not raised in the trial court either by objection or a motion for mistrial. We have consistently held that we will not consider an error raised for the first time on appeal.

The appellant complains of numerous errors of the trial court, which we list as follows:

(a) The trial court erred in sustaining the lumber company's objections to Miss Thompson's inquiry of Mr. Hannah as to Jimmy Thompson's reputation for truth and veracity. We find this point without merit. In the first place, it may have become harmless as a result of the other testimony introduced by Miss Thompson, and in the second place, no proffer was made as to what the witness' answer would have been.

(b) Appellant claims that Mr. Hannah's answer, as set out above, is unresponsive to his question as to "what made you decide to charge Myrtle Thompson for this purchase." We find no merit in the argument.

(c) Appellant urges that the trial court erred in permitting Mr. Hannah to infer agency by permitting him to show that Miss Thompson called in and terminated that agency. This is based on Mr. Hannah's testimony that he allowed no charges to Miss Thompson's account by her brother after Miss Thompson told them to make no further charges. We consider this without merit since the witness had already explained how Miss Thompson had authorized the charges to be made to her account.

(d) We can find no merit in appellant's contention that the trial court erred in permitting counsel on cross-examination to inquire whether she had paid some of her brother's bills. This is a matter over which trial courts have some discretion, and we can here find no abuse.

(e) Appellant complains of an item of $98.31 which the lumber company admits accrued at a paint store it operated at a separate location. A separate ledger was kept for the paint store and when the paint store was closed down its balances were transferred to the lumber company ledgers.

As pointed out above, the lumber company ledgers were kept by posting charge tickets to the ledger sheet within a day or two following each transaction. All posting of charge tickets at the lumber company was done by a machine or typewriter. The transfer of the paint store balance was put on the ledger sheet in handwriting. Obviously, the latter entry was not made in the regular course of business. It was not transferred from charge tickets as was the custom, but was a balance or total lifted from the paint store ledger and merely added to the lumber company ledger. Nor was the entry made within a reasonable time after the purchases as required by Ark. Stat. Ann. § 28-928 (Repl. 1962). Consequently, it does not qualify as a business record.

Therefore, the $331.34 judgment entered by the trial court is reduced by $98.31 and the balance thereof in the amount of $233.03, plus interest since the date of judgment, is affirmed. *Kane* v. *Carper-Dover Mercantile Co.*, 206 Ark. 674, 177 S.W. 2d 41 (1944).

Modified and affirmed.