**WASHINGTON NATIONAL INSURANCE CO. v.**
**DWIGHT S. MEEKS**

5-5270 458 S. W. 2d 135

Opinion delivered October 5, 1970

74

*Street & Plunkett*, for appellant.

*Brown, Compton, Prewett & Dickens*, for appellee.

JOHN A. FOGLEMAN, Justice. Appellee brought suit against appellant on a disability insurance policy. From an adverse judgment, appellant seeks reversal, alleging error in refusing to permit cross-examination of appellee concerning his income before and after the accident from which his alleged disability resulted and in procedures in making a drawn and struck jury. We reverse for error in limiting this cross-examination.

Appellee claimed that an injury by gunshot suffered on February 22, 1968, required the amputation of his left foot and caused his total disability as defined in the policy. Appellant contested the disability. Appellee was the owner of rental real estate. He testified that he had maintained the parking lot and building rooftops in a shopping center owned by him. He also testified that he had carried furniture at his motel at various times and made repairs in the rooms, in addition to maintaining the roof and parking lot there. He stated that while much of his work had gone undone after the accident, other duties had been done by friends or by extra help hired. He testified that, after the accident, he had attempted to do various work and had operated a tractor crawler.

On cross-examination, it was revealed that appellee had listed outside labor costs by those who serviced his rental properties in 1968, after his injury, on his income tax return, but that none of them related to any property other than his laundromat and his motel; that he did not own some of the property he had owned prior to the injury; that he did keep the machines in his laundromat in operating condition; that he collected rents from his properties and did such things as check the rate of occupancy of the motel. Thereafter, appellant's counsel

asked appellee if, as a result of his accident and for a period thereafter there was any substantial difference in the amount of money he derived from his own operation of businesses. Appellee's objection to this inquiry was sustained. After appellee stated on further examination that there was a significant difference in his income from his activities in the operation of his business before and after his injury, appellant's counsel sought to ask appellee to state the amount of the difference in the rental income from the laundromat before and after the accident and the difference in his income from his activities relating to rental property other than the laundromat and motel, to both of which inquiries appellee's objections were sustained. The court's ruling was apparently based upon the circuit judge's holding that the inquiries were not proper subjects of cross-examination but were actually direct examination or attempts to impeach appellee's affirmative answer to appellant's inquiry whether there was any difference in the income from his business before and after the allegedly disabling injury.

We do not agree with the trial judge's premise in ruling upon these inquiries. The fact issue to be determined was whether appellee was totally disabled. He had testified on direct examination that by reason of the injury, he was unable to perform certain duties he had previously done in connection with his real estate rental business. He did not point out any specific amounts that he had paid or been called upon to pay anyone to perform services he was unable to do. Nor did he ever state the amount by which the income he received from the rental property, for which his services had been previously required, had declined. While the answers to the questions propounded by appellant's counsel were certainly not determinative of the question at issue, they would certainly have been pertinent, material and relevant to the question whether appellee was actually disabled and whether his disability was total, and to his testimony on direct examination that his condition required that he employ others to perform substantial services he had previously done himself. The

variation in appellee's income was not only pertinent to the issue, it was so closely related to appellant's testimony on direct examination that we find the question to be within the proper scope of cross-examination.

We have recognized the great importance of cross-examination and the wide latitude which should be permitted the cross-examiner in eliciting facts contradictory to the testimony of the witness given on direct examination. We have said that cross-examination is a leading and searching inquiry of a witness for further disclosure touching the particular matters detailed by him in his direct examination, that it serves to sift, modify or explain what has been said in order to develop facts in a view favorable to the cross-examiner, and that its objects include weakening or disproving the case of the adversary, breaking down his testimony in chief, testing his veracity, accuracy and honesty, and exhibiting the improbabilities of his testimony. *Huffman* v. *City of Hot Springs,* 237 Ark. 756, 375 S. W. 2d 795. While we recognize the wide latitude of discretion vested in the trial courts to control and limit cross-examination, we have not hesitated to find an abuse of discretion in undue limitations thereon or abridgment thereof. *Arkansas State Highway Commission* v. *Dean,* 247 Ark. 717, 447 S. W. 2d 334; *Huffman* v. *City of Hot Springs,* supra. We feel that an inquiry so pertinent to the basic issue as the one propounded by appellant should have been answered, and that the sustaining of appellee's objection thereto was an abuse of the court's discretion.

Appellee contends, however, that error cannot be predicated upon the sustaining of his objection because appellant made no offer to show what the answer of appellee would have been. He relies upon *Rhine* v. *Haley,* 238 Ark. 72, 378 S. W. 2d 655. We do not consider that case applicable or controlling here. In *Rhine,* the objection was to the relevancy of the question. No question of relevancy is involved where, as here, the inquiry is not only pertinent to the main issue in the case but is also within the proper scope of cross-examination to wring disclosures which might modify or explain a

witness' testimony on direct examination or bring it into a perspective which might present a view more favorable to the cross-examiner.

We are not aware of any of our cases which require an offer of proof under the circumstances prevailing here. It is clearly the majority rule that the requirement of an offer of proof does not apply where the testimony excluded was sought to be elicited by cross-examination of an adverse witness, and it has even been said that prejudice may be presumed. *Davey* v. *Davey*, 77 N. M. 303, 422 P. 2d 38 (1967); *Stillwell* v. *State Industrial Accident Commission*, 243 Ore. 158, 411 P. 2d 1015 (1966); *Tate* v. *Connel*, 3 Ariz. App. 534, 416 P. 2d 213 (1966); *Clark* v. *Continental Illinois National Bank & Trust Company*, 68 Ill. App. 2d 16, 215 N. E. 2d 816 (1966); *Kemp* v. *Lormer*, 87 Ohio App. 307, 94 N. E. 2d 702 (1949); *McKoy* v. *Enterkin*, 181 Ga. 447, 182 S. E. 518 (1935); *Choy* v. *Otaguro*, 32 Haw. 543 (1932); *Howard* v. *Fraser*, 83 Mont. 194, 271 P. 444 (1928); *Shores* v. *Simanton*, 99 Vt. 191, 130 A. 697 (1925); *Uhlman* v. *Farm Stock & Home Co.*, 126 Minn. 239, 148 N. W. 102, Ann. Cas. 1915D 888 (1914); 5 Am. Jur. 2d 250, Appeal & Error § 809. It has been pointed out that, because of the exploratory nature of the examination, it is unreasonable to require the cross-examiner to make an offer of proof. *Costa* v. *Regents of University of California*, 116 Cal. App. 2d 445, 254 P. 2d 85 (1953); *Cunningham* v. *Austin & N. W. R. Co.*, 88 Tex. 534, 31 S. W. 629 (1895). Not only do we agree with this reasoning, we also agree with a Missouri Court of Appeals which said that to apply the rule requiring proffer under all circumstances would unduly restrict the right of cross-examination and seriously impair its power and usefulness. *Roger* v. *St. Avit*, 60 S. W. 2d 698 (Mo. Ct. App. 1933). Furthermore, we agree with the statement of the Supreme Court of Iowa in holding that a proffer was unnecessary to demonstrate error in denial of proper cross-examination of an adversary's witness, in *Schulte* v. *Ideal Food Products Co.*, 203 Iowa 676, 213 N. W. 431, 434 (1927). That court said:

\* \* \* The right to cross-examine is quite absolute. It inheres in the right of the adversary to use the testimony of the witness at all. One of its purposes is to test the credibility of the witness. The refusal of such right cannot be justified by saying that the answer of the witness would not have been favorable to the cross-examiner. Unfavorable answers are often as dangerous to the witness as favorable ones. An answer unfavorable to the cross-examiner may be more incredible than a favorable one would have been. If incredible, the credibility of the witness is thereby impaired. The consistency of the witness also may be thus put to the test. In *Glassman* v. *Railway,* 166 Iowa 254, 147 N. W. 757, we said that the refusal of proper cross-examination was "a denial of an absolute right, and has been generally held to be sufficient ground for reversal."

While we find error in the denial of the right to have the adverse witness answer a question that was within the proper scope of cross-examination and relevant to an issue, we do not mean to say that an offer of proof should never be required to demonstrate error in sustaining an objection to a question propounded on cross-examination. We have recognized, for example, that there must be a proffer where the relevancy or materiality of the answer is not apparent. See *Rhine* v. *Haley,* supra; *Gray* v. *Gray,* 199 Ark. 152, 133 S. W. 2d 874; *Thompson* v. *AAA Lumber Company,* 245 Ark. 518, 432 S. W. 2d 873.[1] We have also held that an offer of proof is necessary where the inquiry seeks to elicit answers from a plaintiff relating only to an affirmative defense asserted by the examiner. *Munsell* v. *Yerger,* 155 Ark. 385, 244 S. W. 465. Holdings requiring a proffer, where the matter sought to be elicited related only to an attack upon the credibility of the witness, as was done

---

[1]This distinction has been recognized in other jurisdictions. See, e. g., *State* v. *Taylor,* 9 Ariz. App. 290, 451 P. 2d 648 (1969); *Cunningham* v. *Austin & N. W. R. Co.,* 88 Tex. 534, 31 S. W. 629 (1895); *Hartford Accident & Indemnity Co.* v. *Harris,* 138 S. W. 2d 277 (Ct. App. Tex. 1940); *Rogers* v. *St. Avit,* 60 S. W. 2d 698 (Mo. Ct. App. 1933).

in *Kingrey* v. *Wilson*, 227 Ark. 690, 301 S. W. 2d 23 and *Dixon* v. *State*, 162 Ark. 584, 258 S. W. 401, are consistent with the necessity for the trial judge to exercise discretion in controlling inquiry into collateral matters. Our holding here does not in anywise limit the efficacy of any of the holdings in such cases.

In view of the result reached on the above point, we find it unnecessary to engage in an extended discussion of appellant's assertion that there was error in the court's failure to rule on its challenge to a member of the jury panel for cause before drawing 18 names from a jury panel of 23, and in the court's drawing the names from a panel of less than 24. We do call attention, however, to our decision that the statutory procedures prescribed for making a drawn and struck jury are mandatory and a failure to follow them reversible error in *Republic Mining & Mfg. Co.* v. *Elrod*, 208 Ark. 150, 185 S. W. 2d 99. We also deem it appropriate to comment that denial of a drawn and struck jury because request was not made more than 48 hours prior to trial, as required by local court rule, cannot be sustained when the local rule has not been filed with the clerk of this court in compliance with Rule 12 of Uniform Rules for Circuit and Chancery Courts. See per curiam, January 13, 1969, effective March 1, 1969, Ark. Stat. Ann., Vol. 3A (Supp. 1969).

The judgment is reversed and the cause remanded.