## J. A. CURLEE v. G. W. ROSE.

Decided November 27, 1901.

**1.—Malicious Prosecution—Advice of Counsel—Fairness of Statement.**

See opinion for facts supporting a finding that prosecution was malicious, though instituted upon advice of the assistant county attorney, when complainant should have inquired into the rights of defendant as a tenant in possession, and the conclusion was warranted that he did not state all the facts nor institute the prosecution in good faith.

**2.—Malicious Prosecution—Damages, Actual and Exemplary—Loss of Credit.**

Loss of credit is an element in exemplary, not actual damages, and evidence thereof is admissible under a general allegation of exemplary damages.

**3.—Same—Charge of Court.**

See charge submitting injury "to plaintiff's feeling, credit, or reputation" as an element of actual damages, held not erroneous,—the term credit being there used in the sense of standing as a citizen, and not financial repute.

**4.—Evidence—Bill of Exceptions.**

A bill of exception to the rejection of evidence should, ordinarily, state what the testimony excluded would have been. See case held to fall under the general rule and not the exceptions.

**5.—Malicious Prosecution—Evidence.**

A vendee of a landlord having prosecuted criminally the tenant under his vendor for breaking open a pasture gate which the vendee had locked, the tenant, in an action for malicious prosecution, could show the terms of his tenancy bearing on his right to do the act in question, though they were not shown to be known to the prosecutor.

Appeal from the County Court of Milam. Tried below before Hon. R. B. Pool.

*Morrison & Wallace,* for appellant.

The ninth and tenth assignments of error by appellant were as follows:

"The court erred in permitting the witness Tyler to testify to the terms of the rental contract between himself and E. Harness, because said testimony was immaterial and irrelevant, and because it had not been shown or attempted to be shown that said defendant had any notice or knowledge of the terms of said contract at the time he purchased the land, or at the time of the filing of said complaint, and because said testimony was duly objected to and the action of the court excepted to at the time.

"The court erred in permitting the plaintiff to testify over defendant's objection that his contract with E. Harness was that he should have the land upon the same terms that R. Tyler had rented the same the year previous, and that said Tyler had told him that he (Tyler) had rented the said land for said year for one-third of the grain proceeds and one-fourth of the monetary proceeds of the cotton, and was to have the use of the pasture, because it was not shown that the defendant had any notice of the terms of either plaintiff's or R. Tyler's contract, and because said testimony was immaterial and irrelevant."

*N. H. Tracey* and *James Bass,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action of malicious prosecution, brought by appellee against appellant Curlee, in which he recovered judgment in the court below for $300 exemplary and $300 actual damages.

The appellant filed a complaint against the appellee, charging him with breaking and cutting a fence around a small pasture. The appellee was tried upon this charge and was acquitted. It appears from the facts that the appellee was in possession of the premises under a contract for the year as the tenant of the former owner, when the latter sold the premises to appellant. The appellee kept within the inclosure his work stock used in the cultivation of the farm. The appellant turned the stock out of the pasture and fastened up the gate or entrance to the same. Thereupon the appellee removed the fastenings and put his stock back in the pasture. The appellee, at the time, was claiming possession of the premises under his rent contract, and was in actual possession and use of the same. Appellant, previous to the time that he closed up the entrance to the pasture, demanded of appellee that he make a change in the rental contract under which he was then in possession, which was refused by the appellee.

Thereafter the appellant consulted Mr. Morrison, the assistant county attorney, as to the advisibility of filing a complaint and instituting a prosecution against the appellee for cutting or opening the fence around the pasture; and made a statement of what he claims was all of the facts concerning the matter within his knowledge, and upon the advice of the county attorney the prosecution was based; but there is evidence in the record which would authorize the conclusion that the statement made by him was not a full and complete statement of all of the facts then within his knowledge or which he should have known by reason of the possession and claim of appellee to the premises in question. Appellee was in possession when appellant purchased the premises from appellee's landlord, and his rights as a tenant should have then been inquired into; and his possession and the right thereto was a fact which the appellant would not be justified in ignoring. In the information furnished Morrison, it does not appear that he stated all the facts concerning the appellee's right of possession of the pasture. And further, the facts justify the inference that the prosecution by the appellant was not instituted in good faith with a view of punishing a crime, but might have been for the purpose of furthering his ends in obtaining possession of the pasture. In view of the facts, it is not an unreasonable conclusion that the jury took this view of the evidence in arriving at their verdict.

Appellant's sixth assignment of error complains of the action of the court in permitting the plaintiff to testify as to his loss of credit, because such item of damages was too remote, and because no claim was made therefor in the petition. The petition stated the facts constituting actual damages, and the items thereof and also contained a general

count for exemplary damages, and stated facts which would authorize a recovery of that element of damages. The plaintiff testified that his credit had suffered by reason of his arrest, and that people with whom he traded previous to that time had since refused him credit. Under the general averment of exemplary damages, all damages of that character may be proven. 13 Enc. of Pl. and Prac., 454; Davis v. Seeley, 91 Iowa, 586. In Trawick v. Shoe Company, 79 Texas, 464, it is held that the loss of credit may be recovered in a proper case as exemplary damages, and that it is not an element of actual damages in any case. The loss of credit being exemplary damages, it could be recovered under a general averment claiming that element of damages, and it was not necessary that such loss should be specially pleaded.

Appellant's seventh assignment of error complains of the charge of the court in submitting loss of credit as an elegent of damages that could be considered by the jury. The evidence objected to upon this question, which we have just held was admissible, authorized the jury to take into consideration the loss of credit, if any, resulting to the plaintiff by reason of the malicious prosecution. The court in its general charge submitted to the jury the element of exemplary damages, and in passing upon the question as to whether any such damages were recoverable, they had the right to consider the item complained of. The charge of the court complained of is as follows: "If you find for the plaintiff the measure of actual damages will be such a sum, not to exceed the amount sued for as actual damages, as you may find from the evidence to be a just and reasonable compensation to plaintiff for the injury, if any, sustained by him as the direct and proximate result of said criminal prosecution, taking into consideration the loss of time and the reasonable expense, if any, necessarily incurred by plaintiff in the defense of said prosecution, and the injury, if any, to plaintiff's feeling, credit, or reputation."

There is no assignment of error complaining of the action of the court in submitting the item of loss of credit as a part of the actual damages, but the complaint is based upon the ground that loss of credit would not be considered as one of the proximate results of the prosecution, and because that item was not pleaded as an element of damages. As stated before, as it was an item that could be considered on the issue of exemplary damages, it was not necessary that it should be specially pleaded; and further, we do not understand the concluding part of the charge to mean the loss of credit in the sense complained of by appellant. What it permits the jury to consider is "the injury, if any, to the plaintiff's feeling, credit, or reputation." The word "credit," in the sense in which it was used, evidently was intended by the court to mean as relating to his standing as a citizen in the community in which he lived. In other words, as an expression synonymous with the word "reputation."

The court refused to permit the witness Morrison to testify as to statements made to him as assistant county attorney by one E. Harniss prior to the time of filing the complaint against the plaintiff. It does

not appear from the bill of exception what was expected to be proven by Morrison; or in other words, what his answers would have been. Of course, we can not tell from the bill of exceptions whether or not the. proposed testimony was relevant. The general rule is that the bill of' exception ought to state the proposed testimony, so that the court can. judge of its relevancy. There are exceptions to this rule (88 Texas, 538), but we are of opinion that the general rule upon the subject ought to apply in this instance.

The evidence complained of in appellant's ninth and tenth assign- ments of error was admissible.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*