## R. L. DUNMAN v. J. C. MURPHEY & COMPANY.

Decided January 15, 1908.

**1.—Gambling Contract—Evidence—Question of Fact.**

Evidence considered, and held sufficient to require the trial court to submit to the jury the question whether or not the parties, at the time a contract was made for the future delivery of cotton, contemplated an actual delivery, and, hence, such a contract as the law would enforce.

**2.—Same—Relevant Evidence.**

The issue being whether or not the parties to a contract for the future delivery of cotton contemplated and intended an actual delivery, the testimony of the plaintiff that during the delivery month he made arrangements with a bank for the money necessary to buy the amount of cotton named in the contract, was relevant and admissible.

**3.—Same—Purpose of Testimony—Practice.**

Unless requested so to do, a party offering evidence is not required to disclose the purpose for which it is offered, and any misapprehension of the court as to the purpose for which it is offered will not excuse an error in excluding the same in the absence of some act by the party offering the same or his attorney calculated to mislead the court.

**4.—Same—Evidence—Cotton Exchange.**

Upon the question whether or not a contract for the future delivery of cotton in New York City was a gambling contract, the charter of the New York Cotton Exchange was admissible in evidence, under the facts of this case.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Snodgrass & Dibrell,* for appellant.

*Banks & Hair,* for appellees.

KEY, ASSOCIATE JUSTICE.—R. L. Dunman brought this suit against J. C. Murphey & Co., to recover $2820, alleged profits on the sale of 600 bales of cotton. He alleged in his petition that he employed the defendants as brokers, and that they made a contract by which he was to sell and deliver in the city of New York 600 bales of cotton in the month of March, 1906, and that before the time of delivery the defendants, under instructions from the plaintiff, sold his contract and were withholding from him $2820, the net proceeds of such sale.

The defendants' answer embraced exceptions to the petition and a general denial. When the plaintiff closed his testimony the trial court instructed a verdict for the defendants, upon the theory that the uncontradicted testimony submitted by the plaintiff disclosed a gambling contract, which would not be enforced by the courts. The propriety of giving that instruction is the first question presented for decision.

The plaintiff testified, in substance, that it was his understanding when the contract for the sale of the cotton was made, that he was

to deliver the same in New York in March, 1906, if the purchaser so desired. In other words, the plaintiff submitted testimony tending to show that actual delivery of the cotton was contemplated by the parties. The plaintiff testified to many other facts and circumstances tending strongly to show that such actual delivery was not, in fact, contemplated, but we do not think the evidence was so conclusive as to justify the court in directing a verdict for the defendants. Of course, if actual delivery of the cotton was not contemplated by the parties, then the transaction was a gambling contract, which will not be enforced by the courts, but that question should have been submitted to the jury.

It is shown by bill of exception No. 1 that before the plaintiff transacted any business with the defendants, and after Jack Bowers, their representative, had informed him that all cotton contracts made by the defendants were for actual delivery of the cotton, he was asked by his counsel this question: "Did you make any arrangement with the Coleman National Bank with reference to furnishing you money in the event you needed any?" which question was objected to by counsel for the defendants as immaterial, and the court sustained the objection. The bill of exception states that if permitted to answer the question the plaintiff would have testified that as soon as he was informed by Jack Bowers that whatever cotton he bought or sold for future delivery on the New York market contemplated an actual delivery thereof, and during the delivery month, and before he bought or sold any cotton, he went to the cashier of the Coleman National Bank at Coleman, Texas, and made a contract whereby the bank obligated itself to furnish him all the money he might need to enable him to purchase and deliver all cotton he might buy or sell on the New York market. It is stated in the bill of exception that the court was not apprised of what the witness would testify to until after the trial, and supposed that the purpose of the question was to elicit testimony showing the financial standing and solvency of the plaintiff.

We think the court erred in sustaining the objection to the question. The evidence which the question would have elicited would have tended to show that in his dealings with the defendants, the plaintiff understood that in any contracts he might make to buy or sell cotton on the New York market, actual delivery was contemplated. As tending to prove the fact, he had the right to show that he had made preparation to meet such contingencies. The evidence was admissible for that purpose, and the fact that the court supposed that the plaintiff was seeking to introduce it for another purpose is immaterial, it not appearing that the plaintiff or his counsel were in any wise responsible for the court's misapprehension. Unless requested so to do by the court, no duty rested upon plaintiff to disclose the purpose for which he offered the testimony.

While we do not hold that the court committed error in refusing to allow the plaintiff to put in evidence the charter of the New York Cotton Exchange at the time and under the circumstances disclosed by the record, yet upon another trial we think that evidence, if offered at the proper time, should be admitted.

This disposes of the questions involved in this appeal. The judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*