**SCHAFFNER et al. v. CONSOLIDATED OIL CO. OF TEXAS.    (No. 930–4717.)**

Commission of Appeals of Texas, Section A.
April 13, 1927.

1. **Courts** ⊜⟶247(7)—**Court of Civil Appeals' action in reviewing bill of exception to exclusion of evidence held not conflicting with other rulings of other courts.**

Action of Court of Civil Appeals in reviewing bill of exception, to exclusion of evidence showing question to which objection was made and sustained, objection as made, and what answer would have been, *held* not conflicting with rulings of other Courts of Civil Appeals.

2. **Appeal and error** ⊜⟶692(3)—**Bill of exception to exclusion of evidence, stating what answer would have been, held reviewable.**

Bill of exceptions to exclusion of evidence, showing the question to which objection was sustained and what the answer would have been if witness had replied, *held* reviewable by Court of Civil Appeals.

3. **Appeal and error** ⊜⟶836—**Where error is shown on face of bill of exceptions, record may be consulted to determine whether reversal is required.**

Where error is shown on the face of the bill of exceptions and its harmless character is not there disclosed, the balance of the record may be consulted to determine whether or not the error was of such nature as to require reversal.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by George A. Schaffner and another against the Consolidated ·Oil Company of Texas. From a judgment of the Court of Civil Appeals (286 S. W. 258), reversing judgment for plaintiffs, plaintiffs bring error. Affirmed.

Butts & Wright, of Cisco, for plaintiffs in error.

Barker & Orn, of Cisco, for defendant in error.

NICKELS, J.    The case is fully stated in the opinion of the honorable Court of Civil Appeals, 286 S. W. 258. For error in the exclusion of certain testimony judgment of the trial court was reversed and the cause was remanded. Upon assertion of conflict with rulings of other Courts of Civil Appeals (in Curlee v. Rose, 27 Tex. Civ. App. 259, 65 S. W. 197; G. C. & S. F. Ry. Co. v. Johnson, 86 S. W. 34, and Guilmartin v. Padgett, 138 S. W. 1143), and upon an assignment alleging error in considering a bill of exceptions, writ of error was allowed.

[1] The point decided in Curlee v. Rose, and supposed to have relevancy, is thus stated:

"The court refused to permit the witness Morrison to testify as to statements made to him as assistant county attorney by one E.

Harniss prior to the time of filing the complaint against the plaintiff. It does not appear from the bill of exceptions what was expected to be proven by Morrison, or, in other words, what his answers would have been. Of course, we cannot tell from a bill of exceptions whether or not the proposed testimony was relevant. The general rule is that the bill of exceptions ought to state the proposed testimony, so that the court can judge of its relevancy. There are exceptions to this rule (Cunningham v. Railway Co., 88 Tex. 538, 31 S. W. 629), but we are of opinion that the general rule upon the subject ought to apply in this instance."

The bill of exceptions now before the court exhibits "what was expected to be proven" through the excluded testimony, as pointed out in the ·opinion of the Court of Civil Appeals, and in this respect it is in compliance with the "general rule" announced in the excerpt taken from Curlee v. Rose.

G. C. & S. F. Ry. Co. v. Johnson is of different tenor. The question propounded to the witness in that case, at least in part, included inquiry about a material and relevant matter. But in the bill of exceptions taken to the court's refusal to permit an answer it was shown what the answer would have·been, if permitted, and that the answer, in a prima facie sense, would have been immaterial and irrelevant. In that condition of the record the court said:

"The appellant, having undertaken to state what he expected to prove, should have made the statement complete, so as to show the materiality and admissibility of the proposed evidence. * * * And, in order to conclude that the evidence would be admissible, we would be required to indulge in inferences to determine its materiality and admissibility."

The court remarked, also, that the statement of what was expected to be proved, as contained in the bill of exceptions, was "evidently made to the trial court at the time the proposed evidence was offered." The complaining party therefore appeared as having "affirmatively" represented to the trial court and to the Court of Civil Appeals that its witness would have testified to one thing, which prima facie would have been immaterial, and, then, requesting the appellate court to assume that the witness would have testified differently to the extent necessary to remove the apparent defect. Analogous conditions do not exist in the present case, for the bill of exceptions makes full disclosure of the excluded testimony and its nonsubjection to the objection made and sustained.

In Guilmartin v. Padgett we have a case in which the bill of exceptions disclosed a question and answer which upon objection were stricken out. The subject-matter of that particular question and answer was held to be "wholly immaterial." No further questions were propounded to the witness at the trial,

but after conclusion of the trial a bill of exceptions was prepared which disclosed the question and answer mentioned and the court's action thereon, and which included, also, "for the first time," a statement of what "would have been proved by the witness had not the objection" to the question asked been sustained. It is made clear in the opinion that no questions, except the one mentioned, were asked, and no statement was made to the court, during the trial, that other things would have been "proved," etc., if the objection to that one question had not been sustained; and, as remarked, the one question and answer, of themselves, were "wholly immaterial." In the present case the bill of exceptions discloses a question propounded under circumstances in which any responsive answer given would have been material in a prima facie sense, and, too, this is followed by a showing of what the answer would have been, and this presents a situation, as we see it, entirely different from that before the court in Guilmartin v. Padgett. The cases cited to the points do not sustain the claims of plaintiffs in error.

[2, 3] The bill of exceptions shows the question to which objection was made and sustained, the objection as made, and what the answer would have been if the witness had been permitted to reply. By what is thus shown it is made plain that the question was not subject to the objection urged. Error is thus shown on the face of the bill; its harmless character is not there disclosed, and the balance of the record may be consulted in the determination of whether the error was of such nature as to require reversal. The bill, we think, is sufficient to entitle the company to a review (Dunman v. J. C. Murphrey & Co., 48 Tex. Civ. App. 539, 107 S. W. 70), and we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.