## CLIFTON MERCANTILE CO. v. HAVER-BEKKEN BROS. (No. 807.)

Court of Civil Appeals of Texas. Waco.
May 16, 1929.

Jas. M. Robertson, of Meridian, for appellant.

J. P. Word, of Meridian, for appellees.

GALLAGHER, C. J. This is an appeal from a judgment of the county court of Bosque county in favor of appellees, Haverbekken Bros., against appellant, Clifton Mercantile Company, for actual and exemplary damages for conversion of mortgaged property.

E. E. Erickson, on December 22, 1923, executed and delivered to the Clifton National Bank his promissory note, due July 1, 1924, for the sum of $425, with 10 per cent. interest from date, and to secure same, executed and delivered to said bank his chattel mortgage on certain personal property, including his entire crop of cotton to be grown during the year 1924 and to consist of 75 acres. Said mortgage was promptly filed in the office of the county clerk of Bosque county, as provided by law. On the 20th day of October, 1924, Erickson, in lieu of said original note, executed and delivered to said bank his renewal note bearing said date, due on demand, for the sum of $436.50. Said note recited that it was secured by said original mortgage. A credit of $106.45 was indorsed thereon on December 1, 1924. On December 12, 1924, said renewal note was for a valuable consideration, transferred by said bank by written indorsement thereon to appellees without recourse.

Thereafter, the date not being shown by the record, appellees instituted this suit. The case was tried upon their second amended original petition, in which they alleged the execution and delivery of said original note and mortgage, the execution and delivery of said renewal note, and its transfer to them. They also alleged that Erickson raised seven bales of cotton on his said farm during the year 1924; that the same was subject to said mortgage; that appellant converted said cotton, to their actual damage in the sum of $445. They further alleged that such conversion was unlawful, wanton, fraudulent, and malicious, and for the sole purpose of annoying, harassing, and oppressing them, and asked for exemplary damages in the sum of $200. Appellant in reply thereto alleged that it had theretofore on November 15, 1924, instituted suit against said Erickson on certain promissory notes aggregating more than $1,700, and for foreclosure of a chattel mortgage on the same cotton covered by the mortgage so held by appellees; that it sued out sequestration process and caused said cotton to be seized by an officer thereunder; that said suit was tried on March 16, 1925; that it recovered therein judgment against Erickson for the debt and for foreclosure of its chattel mortgage lien, and a further judgment awarding said cotton to it. Appellant pleaded said judgment in bar of any recovery by appellees.

There was a trial before the court. Appellees introduced in evidence said renewal note and the mortgage securing the same.

Said Erickson testified that he raised seven bales of cotton on his said farm in the year 1924; that said cotton weighed in the aggregate 3,500 pounds and was worth 24 cents a pound; that the constable took said cotton from his possession under some sort of writ for appellant; that he was served with citation in said suit against him by appellant; that he employed counsel and answered therein; that appellees were not parties to said suit; that same was tried in the spring of 1925; that he had prior to the institution of said suit paid appellant all that he owed it. The court entered judgment in favor of appellees against appellant for the sum of $409.-20 actual damages and the further sum of $126.65 exemplary damages. Appellant presents such judgment to this court for review.

## Opinion.

■■ The mortgage given by Erickson to secure said indebtedness covered, besides his cotton crop for said year, other crops and other personal property. When Chris Haverbekken, one of the appellees, was on the stand testifying as a witness, he was asked by appellant's attorney what became of the other property covered by said mortgage. Appellee's attorney objected on the ground that the testimony called for was immaterial and irrelevant. The court sustained the objection and his action is presented as ground for reversal. Appellant's bill of exception does not show what the answer of the witness would have been, and was therefore defective. Hargrove v. Fort Worth Elevators Co. (Tex. Civ. App.) 262 S. W. 868, 870; Curlee v. Rose, 27 Tex. Civ. App. 259, 65 S. W. 197, 198. Appellant, however, could not defend against a charge of conversion on the ground that appellees had not exhausted other property covered by their mortgage. Scaling v. First National Bank, 39 Tex. Civ. App. 154, 87 S. W. 715, 716, 717 (writ refused); Barron v. San Angelo Nat. Bank (Tex. Civ. App.) 138 S. W. 142, 145, par. 12 (writ refused).

■ Appellant offered in evidence the entire record in its suit against Erickson. Said record showed the institution of a suit by appellant against Erickson for debt and foreclosure; the issuance of a writ of sequestration and the levy thereof upon said cotton; an answer by Erickson denying the validity of the lien sought to be foreclosed, and asking for actual and exemplary damages for the seizure of said cotton under said writ; a judgment by agreement in favor of appellant

against Erickson for the sum of $2,000, with a foreclosure of the mortgage lien on said cotton; and a further judgment awarding to appellant the proceeds of the sale of said cotton in the sum of $960 and awarding to Erickson on his cross-action a judgment against appellant for $1,140, thus extinguishing appellant's entire $2,000 recovery. Appellees objected to the introduction of said record on the ground that neither appellees nor their assignor, Clifton National Bank, were parties to such suit, and that said entire record, including the judgment rendered in said cause, was immaterial and irrelevant, and not binding on them. The court excluded said record and such action is presented as ground for reversal. Appellant in its pleadings in this case nowhere alleged that the mortgage lien asserted and foreclosed in said suit was a valid subsisting mortgage lien on said cotton and superior to the lien held by appellees. No such testimony was offered. Said record showed on its face that neither appellees nor said bank were parties to said suit. Appellees were therefore not bound by the judgment rendered therein. The court did not err in excluding said record. Sabine Motor Co. v. W. C. English Auto Co. (Tex. Com. App.) 291 S. W. 1088, 1091, et seq.; Caruthers v. Hines (Tex. Com. App.) 290 S. W. 155, 156, 157, par. 2; Read v. Allen, 58 Tex. 380, 382; Black v. Black, 62 Tex. 296, 298, 299.

■ Appellant assails the judgment of the court awarding exemplary damages against it as being without support in the evidence. We sustain its contention. The cotton was levied on under the writ of sequestration while in the possession of Erickson and before appellees purchased the note and lien from the bank. Appellees offered no testimony to sustain their allegations that the conversion of said cotton by appellant was wanton, malicious, or fraudulent, or for the sole purpose of harassing and oppressing them, upon which allegations their claim for exemplary damages was based. Some such testimony was necessary to support a recovery of such damages. Bradshaw v. Buchanan, 50 Tex. 492, 494; Connor v. Sewell, 90 Tex. 275, 276, 38 S. W. 35. We assume appellees' case on this issue was fully developed, and we therefore reverse so much of the judgment of the trial court as awarded appellees a recovery for exemplary damages, and such recovery is denied.

The judgment for actual damages is affirmed.