## BEAUMONT RICE MILLS v. DISHMAN et al.
### No. 2552.

Court of Civil Appeals of Texas. Beaumont.
May 30, 1934.

Rehearing Denied June 6, 1934.

Lipscomb & Lipscomb, of Beaumont, for appellant.

Wm. O. Bowers, Jr., and Crook, Lefler & Cunningham, all of Beaumont, for appellees.

O'QUINN, Justice.

Appellee J. A. Dishman brought this suit against Geo. A. Dishman and J. C. Dishman to recover upon a past due promissory note in the sum of $4,000, payable to his order, and for foreclosure of a duly registered chattel mortgage upon a certain rice crop and certain personal property given to secure the payment of said note.

In the manner provided by statute, he caused the levy of a writ of sequestration upon 5,070 bags of rice covered by said mortgage, which rice was at the time of the levy of the sequestration writ stored with and in the possession of the American Rice Growers' Association, which association was made a party defendant for the purpose of the foreclosure. Dishman later replevied the rice, but it was left in the possession of the agent of said association, A. H. Boyt.

Appellant, Beaumont Rice Mills, filed a plea of intervention to recover the rice so mortgaged to appellee Dishman, alleging that on May 5, 1933, it had purchased said rice at the then market price of $2 per barrel from A. H. Boyt, agent of the defendant American Rice Growers' Association, which was in possession of the rice, and which had authority to sell same, and which was the sales agent of the defendants Geo. A. Dishman and J. C. Dishman, the owners and growers of the rice, under a contract with said American Rice Growers' Association, which was known to appellee J. A. Dishman before the execution and registration of his chattel mortgage. That by reason of said purchase the title to said rice passed to it, intervener. That in order to carry the sale

through to full execution it was necessary that the rice be weighed and delivered to intervener; that said association and its said agent, A. H. Boyt, were ready to deliver said rice to intervener, and it was ready to receive same and to pay the agreed price therefor, and offered to pay into court the sum of money necessary to cover the weights of said rice, and offered to take all of same that conformed to the sample exhibited by said association, at said agreed price.

It further alleged that said J. A. Dishman and his sons Geo. A. Dishman and J. C. Dishman became disappointed with the sale of said rice so made to intervener and conceived the design of instituting this suit in order to deprive intervener of its bargain, and said J. A. Dishman, in collusion with his said sons, did institute the suit and sequestrate the rice and thereby prevented delivery of the rice to intervener to its great damage. That at the time of such interference with the sale of the rice by said association to it, said rice was of the value of about $2.75 per barrel, wherefore intervener was damaged in the form of lost profits to the amount of $4,110, and that intervener was entitled either to the delivery of the rice in kind, or to damages in the amount of the difference between the price at which it was bought by intervener and the price at which the rice may or would be salable at any time before the termination of this suit.

It further alleged that the sequestration of said rice by said J. A. Dishman was void because: (a) Said J. A. Dishman, the father of the defendants Geo. A. Dishman and J. C. Dishman, brought suit against them and the American Rice Growers' Association, only, alleging that his sons owed him the sum evidenced by said $4,000 note, and that the note was secured by a mortgage upon said rice, but that said claim was fictitious and unjust, in that said Dishmans, father and sons, had colluded together in bringing the suit wherefore said Geo. A. and J. C. Dishman could not be counted upon to adequately defend against their father's said suit; (b) that said J. A. Dishman admits in his petition that M. F, Yount, as landlord, and the Gulf Coast Agricultural Credit Corporation, and the Texas Public Service Company, each have prior and superior liens on said rice, and did not make them parties to the suit, although they were necessary parties to his suit to foreclose his asserted lien; and the Dishmans all knew of the rights and claims of intervener to said rice, but instituted the suit and failed to make it, or the landlord, Yount, or the credit cor-

poration, or the service company, a party, but through such proceedings attempted to take possession of said rice and to sell same in fraud of the intervener and said lienholders; (c) that Dishman, in collusion with his said sons, caused a sequestration bond to be accepted for the sum of $25,000 with only A. E. Dishman and E. W. Ephlin as sureties when such bond was wholly insufficient, such bondsmen not having property exempt from execution and free from prior liens sufficient to satisfy liability on said bond in such amount, or to satisfy a judgment for the value of the rice; (d) that said J. A. Dishman caused said writ of sequestration to be levied on said rice by the constable of Jefferson county, and had induced said constable to accept a replevy bond with the same sureties as signed the sequestration bond, and had caused the constable to consent to the delivery of said rice to said Dishman, and was, according to the information and belief of intervener, attempting to sell said rice without an order of the court and without giving the interested parties an opportunity to replevy same; (e) that it was unjust, inequitable, and fraudulent for said Dishman to interfere with and prevent the execution of said sale of said rice to intervener because, if said Dishman's claim was valid, it was secured not only by a lien on the proceeds of sale of the rice, but also by a lien upon other property belonging to defendants Geo. A. and J. C. Dishman of the value of not less than $1,200, which, with the proceeds of sale of the rice at $2 per barrel, was sufficient to satisfy all prior liens as well as Dishman's claim (describing the personal property alluded to); (f) that said Dishman had nothing more than a lien on the rice, and no just or reasonable right to possession and sale of same, where bona fide admitted prior lienholders were not made parties to the suit and given opportunity to replevy; and (g) that in view of intervener's rights in and to said rice, Dishman's writ of sequestration on same was wrongful, and that said Dishman, his sequestration bondsmen, and his sons, defendants Geo. A. and J. C. Dishman, having conspired and colluded with said J. A. Dishman to prevent the delivery of said rice to intervener, were liable to it in damages for said wrongful acts.

It further alleged (a) that if it be mistaken in its allegations that the contract between the owners of the rice and the American Rice Growers' Association authorized said association to sell the rice free of liens acquired subsequent thereto; or in its allegations that

J. A. Dishman had knowledge thereof when he acquired his asserted lien, Boyt, manager and agent of the American Rice Growers' Association, was also the agent of said Gulf Coast Agricultural Credit Corporation, and the lien held by said corporation was superior to that of said Dishman, who had actual notice of said prior lien; that said corporation's lien gave it power to sell said rice at private sale, and therefore the sale of the rice to intervener by Boyt, the agent of both the American Rice Growers' Association and said credit corporation, was binding and conclusive upon said Dishman, wherefore said rice ought to have been and should be delivered to intervener free from liens, leaving all lienholders their resort, in lieu of the rice, to the purchase price thereof, which intervener tendered into court for the benefit of "said vending owners and lien holders." (b) That if it be mistaken in its allegations of "confederacy and conspiracy," then that said Geo. A. and J. C. Dishman, by virtue of the contract sale of the rice to intervener, were bound to deliver said rice to intervener at the agreed price of $2 per barrel, and that their said agent, the American Rice Growers' Association, was ready and willing to deliver said rice on said May 8, 1933, and that said owners, Geo. A. and J. C. Dishman, impliedly warranted that they had full power to sell said rice free from all liens, and that they would make delivery of same within a reasonable time; that it had made demand for delivery and they had failed and refused to deliver same; and that the price of said rice had advanced 75 cents per barrel since it had agreed to purchase same, and if delivery of same be still denied, said Geo. A. and J. C. Dishman would be liable to intervener for damages in the sum of $4,-110.

It further alleged that the acts of J. A. Dishman and his sons Geo. A. and J. C. Dishman were malicious, intentional wrongs to intervener; that said sequestration of said rice by J. A. Dishman was invalid for lack of necessary parties and was levied without probable cause, and was for the purpose of injuring and defrauding intervener by reason of which wrongful acts said J. A. Dishman and his bondsmen, and the owners of said rice, Geo. A. and J. C. Dishman, all colluding together in said wrongful acts, were liable to intervener for exemplary damages in the sum of $2,500, in addition to actual damages. That by reason of said sequestration proceedings, though void and fraudulent, intervener could not obtain possession of said rice until a final decree herein. That

upon the application of one of the defendants, the Gulf Coast Agricultural Credit Corporation, a receiver was appointed to take charge of and sell said rice, and intervener renewed its tender of $2 per barrel for same, and that in the event said rice was sold for more than $2 per barrel, intervener, as against all parties, was entitled to such excess price.

It further alleged that J. A. Dishman had no interest in said rice save as a lienholder, if any interest he had; that his claim was fictitious in whole; but that if it was valid, then said claim was amply secured by lien on other property; that if his said claim was valid and not sufficiently secured by the other property pledged for its payment, and by such surplus as may be received at a sale of the rice at a price of more than $2 per barrel, over valid prior liens, yet he had the right of subrogation to, and a marshaling of the liens held by the said Gulf Coast Agricultural Credit Corporation on property not herein involved, and which should be brought into this suit, and this being true said Dishman had no right to interfere with the sale of said rice to intervener by said Boyt, agent of said American Rice Growers' Association, at $2 per barrel (and set out the personal property it alleged was mortgaged to said credit corporation); that said receiver should take charge of all the property covered by the mortgages to said Dishman and said credit corporation, and sell same and apply the proceeds on such claims, if any valid ones said Dishman had, and the claim of said credit corporation, or at least that no distribution of any of such proceeds of sale of the rice be made to said Dishman, until he shall have exhausted the security he held on other property for the satisfaction of his said claim.

Intervener prayed that all lienholders by it named be made parties defendant; that the writ of sequestration obtained by J. A. Dishman be quashed; that whether same be dissolved or not, that the receiver appointed on request of the credit corporation take possession of all property of Geo. A. and J. C. Dishman covered by their said mortgages, and sell same; that intervener be adjudged to have title to the rice in controversy free from all liens, and the proceeds thereof if sold by the receiver, less the $2 per barrel it agreed to pay for same and which price it was ready to pay. In the alternative it prayed for judgment against J. A. Dishman, Geo. A. Dishman, J. C. Dishman, and A. E. Dishman, and E. W. Ephlin, sureties on the sequestration bond of J. A. Dishman, and Ralph Schultz,

constable executing said writ of sequestration, or against Geo. A. and J. C. Dishman, for its actual damages, and for exemplary damages as alleged; and that as to all lienholders it have judgment for all of the excess over $2 per barrel for which the rice might be sold. Also in the alternative it prayed that if all the other relief first prayed for be denied, then that it have judgment for the delivery to it of the rice free of liens, or to the proceeds of the receiver's sale thereof, and that all liens and claims against said rice be limited to the proceeds of such sale at $2 per barrel.

In its petition for intervention, appellant had A. H. Boyt, Gulf Coast Agricultural Credit Corporation, holder of the first lien on the rice, M. F. Yount, holder of the landlord's lien, Texas Public Service Company, holder of a lien for water rent, Ralph Schultz, constable who levied the writ of sequestration on the rice, and A. E. Dishman and E. W. Ephlin, sureties on J. A. Dishman's sequestration bond for $25,350, made parties defendant.

The Gulf Coast Agricultural Credit Corporation answered and by cross-action obtained the appointment by the court of E. T. Fuller, Jr., as receiver to take charge of and sell the rice. The receiver sold the rice to appellant, Beaumont Rice Mills, for $2.58 per barrel, or a total of $14,009.92, and under order of the court paid out thereof the sum of $11,018.92, the value of the rice at $2 per barrel, in satisfaction of all parties holding undisputed lien claims, and the sum of $578.74 to appellee J. A. Dishman on his mortgage claim, and retained the sum of $2,990.40 of the proceeds of sale to await the final disposition of the case.

June 28, 1933, on motion of appellee J. A. Dishman, the court dismissed the plea of intervention of appellant, Beaumont Rice Mills, without prejudice to its cause of action for damages therein alleged, and taxed all costs incurred by said intervention against it. Hearing was then had on the suit of J. A. Dishman, and judgment rendered in his favor against Geo. A. Dishman and J. C. Dishman upon said promissory note, and for foreclosure of said chattel mortgage lien on the mortgaged property, directing the receiver to pay the $2,990.40 in his hands, less $21.90 court costs, to appellee J. A. Dishman for credit upon the amount of the judgment of J. A. Dishman against the defendants Geo. A. and J. C. Dishman.

Appellant's motion to set aside the order dismissing its plea of intervention, and the judgment in favor of appellee J. A. Dishman, was overruled, and appellant filed its supersedeas bond, and brings the case before us on appeal.

The record discloses that J. A. Dishman was the owner and holder of a note for $4,000 payable to his order, executed April 15, 1932, by Geo. A. Dishman and J. C. Dishman, due October 1, 1932, and secured by a mortgage of even date on certain personal property and certain crops, among others all rice grown during the year 1932 on the farm of M. F. Yount in Jefferson county, Tex. This chattel mortgage was filed for record in the office of the county clerk of Jefferson county on May 18, 1932.

There was no contest as to the claims or amounts of same paid to the Gulf Coast Agricultural Credit Corporation, the Texas Public Service Company, M. F. Yount, nor the American Rice Growers' Association. They, as above recited, were paid by the receiver with the consent of all parties. The contest here is between the appellant who sought to intervene, claiming it had bought the rice from the American Rice Growers' Association, and from A. H. Boyt, agent of said association, and appellee J. A. Dishman, the owner and holder of the note and chattel mortgage above mentioned.

Appellant alleges that the American Rice Growers' Association was and is an organization of rice growers formed for the purpose of handling the rice grown by its members and selling same for the best prices obtainable. That Geo. A. Dishman and J. C. Dishman, sons of appellee J. A. Dishman, were members of said association and delivered the rice grown by them on the Yount farm in 1932, to said association with power to sell same. That on May 5, 1933, it purchased said rice from A. H. Boyt, agent of said association, for $2 per barrel, but delivery was not made to it because appellee J. A. Dishman filed suit on May 6, 1933, for judgment on his note and foreclosure of his mortgage lien on the rice, and sequestrated the rice. Its contention is that its purchase of the rice from Boyt, agent of the American Rice Growers' Association, which had possession of the rice under the agreement of its growers as members of said association, and its authority to sell the rice, passed title to it to the rice, and it was entitled to possession of same at the agreed price.

This contention cannot be maintained. Dishman's mortgage on the rice was executed and had been of record in Jefferson county for approximately one year prior to appel-

lant's agreement to purchase the rice. Appellant had full notice of this lien when it made the agreement to buy. Under the law, the owners and growers of the rice could not have sold the rice and passed title to same without the consent of the mortgagee. So, how could the mere agent of said owners have done so? If, under Boyt's agreement with appellant to sell the rice to it, the rice had been delivered, appellee Dishman could have sued appellant for conversion and have had judgment for the value of the rice. Article 5496, R. S. 1925; 9 Tex. Jur. p. 148, § 58. Id., § 72, pp. 172–177.

■ Likewise the insistence of appellant that because members of the rice growers' association had contracted with said association to deliver their rice to it for the purpose of sale in order to obtain the best prices possible, and this was known generally and was known to appellee J. A. Dishman that this contract between the grower and the association, when the rice had been delivered to said association, was paramount to and superseded the chattel mortgage duly of record, is without merit. The chattel mortgage holder was not a party to such contract, and his right to the protection of his lien, when duly of record, cannot be thus destroyed. Moreover, in the absence of assent by the mortgagee, it is a violation of the criminal laws of this state for the mortgagor to sell the mortgaged property. Article 1558, P. C., as amended by Acts 1929 (2d Called Sess.) c. 48, § 1 (Vernon's Ann. P. C. art. 1558). The statutes, article 5496, R. S. 1925, and article 1558, P. C., as amended, are for the protection of the mortgagee, and where the mortgage is duly recorded, sale by the mortgagor without the consent of the mortgagee passes no title to the purchaser, and contracts by the mortgagor with a third party, such as alleged here by appellant, in no wise affects the rights of the mortgagee, nor impairs his remedy for protection. The statute cannot thus be rendered nugatory.

■ So, the contention of appellant that it should have had delivery of the rice, and that appellee Dishman should not "interfere" with its delivery to intervener because, it insists, Dishman had other property pledged to secure the payment of his note, sufficient together with a portion of the purchase price offered by it for the rice at $2 per barrel, to pay his claim, is not sound. As before stated, a sale by the mortgagor or his agent of the mortgaged property, without the mortgagee's consent, is a conversion of the mortgaged property, and it is no defense to a suit for conversion that the mortgagee has other security sufficient to pay the debt, since the wrong of the tort-feasor has deprived the mortgagee of a valuable right which he might elect to exercise rather than to rely solely on other security or personal liability. Scaling v. First National Bank, 39 Tex. Civ. App. 154, 87 S. W. 715, 717 (writ refused); Clifton Mercantile Co. v. Haverbekken Bros. (Tex. Civ. App.) 17 S.W.(2d) 856 (writ refused); Barron v. San Angelo National Bank (Tex. Civ. App.) 138 S. W. 142.

■ But appellant alleged and insists that the claim of appellee Dishman was simulated, fraudulent, collusively originated between him and his two sons and asserted for the purpose of defrauding it of its marginal profit it would have realized through its purchase of the rice. That at the time of its purchase the rice was worth only $2 per barrel, but the market had risen and at the time the rice was sold had advanced to $2.58 per barrel, and that intervener was entitled to the profit of 58 cents per barrel, or about $4,110, which appellee Dishman had by his fraudulent claim, and wrongful suit and sequestration, prevented it from realizing, by virtue of which it was entitled either to the possession of the rice at its agreed price of $2 per barrel, or to judgment for damages in said sum against appellee Dishman and his sureties on his replevy bond. That having alleged fraud, and collusion against Dishman's claim, it was entitled to a trial by jury on said question, and the court erred in dismissing its plea of intervention.

The contention is without force. The note and mortgage upon which Dishman sued was dated April 15, 1932. The mortgage was placed of record May 18, 1932. This was practically a year before appellant says it purchased the rice. It would require quite a stretch of the imagination to conclude that the note was executed and the mortgage given and placed of record at said date for the fraudulent purpose of depriving appellant of a profit it would have made in a purchase of rice a year afterwards. But aside from this, the note appears in the record, likewise the mortgage, also the record of the mortgage. That they were actually executed, and the mortgage duly placed of record is not questioned by any party. That the debt evidenced by the note was due and unpaid is not questioned. Appellant, who was not a party to any of the matters, and who does not claim to be a creditor of any of the parties interested, nor to have any claim that could be asserted against the rice or its owner, merely attacks Dishman's right to have judg-

ment for his debt, and foreclosure of his lien, by charging that his claim is fictitious, fraudulent, and asserted only for the purpose of defeating its right to profit by a purchase of the rice. The allegations in appellant's petition for intervention, set out in the early part of this opinion, disclose no such interest in the subject-matter of the suit, the rice, or any of the debts secured by same, as to give it the right to intervene and litigate any question pending between any of the other parties to the suit. The dismissal of the intervention was correct. See Wedig v. San Antonio Brewing Ass'n, 25 Tex. Civ. App. 158, 60 S. W. 567; Nichols v. Paine, 52 Tex. Civ. App. 87, 113 S. W. 972 (writ refused); Brunson v. Bank (Tex. Civ. App.) 175 S. W. 438; Lester v. Hawkins (Tex. Civ. App.) 181 S. W. 481 (writ refused).

It is not believed that further discussion is necessary. The judgment should be affirmed and it is so ordered.

Affirmed.