**BEAUMONT RICE MILLS v. DISHMAN et al.**

No. 3034.

Court of Civil Appeals of Texas. Beaumont.

May 20, 1937.

Charles Heidrick, Jr., of Beaumont, for appellant.

M. L. Lefler and E. B. Votaw, both of Beaumont, for appellees.

O'QUINN, Justice.

Appellant sued Geo. A. Dishman and J. C. Dishman in the district court of Jefferson county, Tex., to recover damages for the alleged breach of an oral contract to sell and deliver to appellant certain rice at a certain price. The defendants, appellees, answered. The case was tried to the court without a jury, and judgment rendered for appellees and that appellant take nothing by its suit. This appeal is from that judgment.

Geo. A. Dishman and J. C. Dishman are brothers. In 1932 they were partners in growing rice. That year, 1932, they grew a crop of rice of some 5,072 sacks averaging about 170 pounds per sack. They were members of the American Rice Growers Association of Jefferson County, Tex. Under their membership in said association they were required to and did deliver their rice to said association at its warehouse to be sold by A. H. Boyt, agent and representative of the association, at the best price obtainable according to the grade of the rice. In April, 1933, said 1932 crop of rice was in the warehouse of the association. On April 17, 1933, appellees, Geo. A. Dishman and J. C. Dishman, orally agreed with Mr. Hogan, agent of appellant, to sell to appellant as much of their said rice as would conform to sample for $2 per barrel, and, according to the sample of said rice taken by Mr. Hogan, there were 4,229.51 barrels of said rice of the required grade. On the date of said oral agreement to sell, April 17, 1933, and prior thereto, there were valid, subsisting, and unsatisfied mortgages and liens held by parties against all of said rice, to wit: (a) J. A. Dishman mortgage and lien, filed for record in the office of the county clerk of Jefferson county, Tex., May 18, 1932, for $4,000; (b) Gulf Coast Agriculture Credit Corporation $3,843.34, filed for record in office of county clerk of Jefferson county, Tex., March 25, 1932; (c) Texas Public Service Company for water rent, $3,567.37, filed for record May 27, 1932; (d) M. F.

Yount, landlord's lien in the sum of $1,301, and (e) A. H. Boyt, as public warehouseman, $1,262.71.

The record discloses, and the court in his findings of fact so found, that Mr. Hogan, agent of appellant, had both actual and constructive notice of the existence of the above-mentioned mortgages and liens. Appellees, Geo. A. Dishman and J. C. Dishman, nor either of them, had the consent of the mortgagees and lienholders to sell the rice. If the oral agreement to sell had been carried out, the sale of the rice at the price of $2 per barrel would not have brought sufficient to have satisfied the debts above mentioned.

J. A. Dishman, mortgage holder above mentioned, brought suit against Geo. A. Dishman and J. C. Dishman to recover on his past due promissory note in the sum of $4,000, executed to him by said Geo. and J. C. Dishman, and to foreclose his mortgage lien on 5,070 bags of said rice, and made said rice growers association a party defendant for foreclosure purposes, and by writ of injunction restrained the alleged oral sale of the rice. For a full statement of the facts there involved and disposition of that case see Beaumont Rice Mills v. Dishman (Tex.Civ.App.) 72 S.W. (2d) 365 (writ refused). We here make reference to the facts disclosed in said case as they are identical with the facts here involved.

■ The judgment must be affirmed. J. A. Dishman, Gulf Coast Agriculture Credit Corporation, and Texas Public Service Company, each held mortgage liens on the rice executed by Geo. A. Dishman and J. C. Dishman to secure existing indebtedness owed by said Geo. A. Dishman and J. C. Dishman, and of record before appellant's agreement to purchase the rice. Appellant had full notice of these liens when it made the agreement to buy. Under the law, the owners and growers of the rice, Geo. A. Dishman and J. C. Dishman, could not have sold the rice and passed title to same without the consent of the mortgagees. If, under the alleged oral sale the rice had been delivered to appellant, either of the mortgagees named supra could have sued appellant for conversion and have had judgment for the value of the rice. Article 5496, R. S.1925; 9 Tex. Jur. p. 148, § 58; Id. 72, pp. 172–177; Beaumont Rice Mills v. Dishman (Tex. Civ.App.) 72 S.W.(2d) 365. Moreover, in the absence of assent by the mortgagee, it is a violation of the criminal laws of this state for the mortgagor to sell the mortgaged property. Article 1558, P.C. as amended by Acts 1929, 2d called Sess, c. 48, § 1 (Vernon's Ann.P.C. art. 1558). The statutes, article 5496, R.S.1925, and article 1558, P.C., as amended, are for the protection of the mortgagee, and, where the mortgage is duly recorded, as here, sale by the mortgagor without the consent of the mortgagee passes no title to the purchaser, and contracts by the mortgagor with a third party, such as alleged here by appellant, in nowise affect the rights of the mortgagee, nor impair his remedy for protection. A statute cannot thus be rendered nugatory. In other words, such attempts to convey mortgaged property, as disclosed here, are against public policy and unenforceable.

■ But appellant says that, even so, this suit not being for specific performance of the contract of sale, but a suit for damages for failure to perform the contract, the law is not inconsistent with its right to recover. This contention is without merit. As we have said, the contract of sale was in contravention of the penal laws of this state, and so against public policy, void, and unenforceable. If the appellees could not legally sell the rice and pass title thereto, how could they become liable to damages for contracting to do what the law would have penalized them for doing? In other words one is not liable in damages for his failure to perform his contract, when the law intervenes to prevent the performance of the contract. The policy of the law would not encourage the making of unlawful contracts by permitting one of the parties to such contract to recover of the other damages for failing to perform an unlawful act. Northern Irr. Co. v. Watkins (Tex.Civ.App.) 183 S.W. 431 (writ refused); Raywood Rice, Canal & Milling Co. v. Erp, 105 Tex. 161, 146 S.W. 155, 158. Knowing that it was a violation of the penal laws of the state to sell mortgaged property without the consent of the mortgagee, and having both actual and constructive notice of the various mortgages on record against the rice in question, and being a party to the unlawful contract to sell the rice, appellant has no standing in court to demand damages of appellees for their failure to perform the contract forbidden by law.

The judgment is affirmed.