**HARTFORD ACCIDENT & INDEMNITY CO. v. HARRIS.**

**No. 1986.**

Court of Civil Appeals of Texas. Eastland.

Feb. 23, 1940.

Rehearing Denied March 22, 1940.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

FUNDERBURK, Justice.

Ewell Harris by this suit seeks to recover from Hartford Accident & Indemnity Company, the compensation insurance carrier, for West Texas Cotton Oil Company, a former employer of Harris, compensation for

total incapacity covering a period of one year.

The injury consisted of an alleged hernia. The defendant offered to provide an operation, to which the employee refused to submit. The Industrial Accident Board, before which plaintiff's claim for compensation was pending, following (presumably) the statutory procedure (R.S.1925, Art. 8306, sec. 12b), ordered an operation (i. e., formally declared that it was not more than ordinarily unsafe for said employee to submit to an operation). Harris, after said order, still refusing to submit to an operation, brought this suit within twenty days from the date of the award of the Board. By his pleading the employee limited his claim for compensation to a period of one year.

In a non-jury trial the court rendered judgment for plaintiff awarding recovery for total incapacity for a period of one year, based upon an average weekly wage rate of $13.20, the judgment being for the sum of $410.80. The defendant has appealed.

The appellant, Hartford Accident & Indemnity Company, will be referred to as "insurer", and the appellee Harris as "employee."

■ Dr. W. F. Snow, a witness for the employee, after stating his opinion as an expert witness to be that the employee's condition (an incomplete hernia) would have some effect upon his ability to labor, was asked whether it would be total or partial, to which he answered, "I think it would be partial." Upon cross-examination he was asked to "State what percentage of disability you would say that would cause him—this incomplete hernia?" The witness, upon objection being made, was not permitted to answer, the objection being that: "The percentage of disability, if any, in case there is partial incapacity, is a subject for the court or jury to pass on, and not the subject of expert testimony." The action of the court in not permitting the witness to answer the question is duly assigned as error. In our opinion, the objection should have been overruled and the witness permitted to answer. Federal Underwriters Exchange v. Cost, 132 Tex. 299, 123 S.W.2d 332; Zurich General Accident & Liability Co. v. Kerr, Tex.Civ.App., 54 S. W.2d 349; Coleman Mut. Aid Ass'n v. Muse, Tex.Civ.App., 67 S.W.2d 393.

It is countered by appellee, among other things, to the effect that appellant's assignment of error presents nothing for review because the record fails to disclose what the answer of the witness would have been; and that the question, if answered, "would merely have elicited an opinion of the witness not binding on the trial court."

■ "The general rule," says the Supreme Court, "is that, in order to entitle a party to a revision of the ruling of the lower court in refusing to allow him to propound a question to a witness, he must show what answer he expected to elicit, in order that the court may see that he has been deprived of legitimate evidence. This rule applies mainly to a case where a party is seeking to introduce original evidence, the nature of which he should be expected to know before he offers the same * *." Cunningham v. Austin & N. W. Ry. Co., 88 Tex. 534, 31 S.W. 629, 631. Would the same rule be expected to apply to a cross-examination of a witness of the adverse party, the legitimate purpose of which is to elicit, if possible, an admission of facts (or even opinion of an expert witness) limiting, qualifying or explaining the witness's testimony given upon direct examination?

■ The same decision declaring the rule as above stated further says that the rule "is not applicable to a case where the party is cross-examining the witness of his adversary, with whose knowledge of the case he is not supposed to be familiar. In this class of cases we think the better rule is that, if the question appears on its face to be calculated to elicit competent testimony, it is error to refuse the same, although counsel may not be able to state to the court the answer intended or expected to be elicited." Id.

It may be doubted, we think, if it is strictly accurate to denominate the last named rule as an exception to the other rule. They cover different grounds and exist for different reasons. However, whether as rule and exception to rule, or as different rules, the distinction seems to have been generally recognized since the decision in the case cited. Curlee v. Rose, 27 Tex.Civ.App. 259, 65 S.W. 197; Schaffner v. Consolidated Oil Co., Tex.Com.App., 293 S.W. 159; Long v. Red River etc. R. Co., Tex.Civ.App., 85 S.W. 1048; Galveston H. & S. A. Ry. Co. v. Currie, Tex.Civ. App., 91 S.W. 1100 (holding the general or first rule and not the exception or second rule applicable to a *leading* question in a cross-examination).

■ The employee seeking to recover compensation for total incapacity had the burden of establishing that he was totally incapacitated. The opinion of his own witness that his injury resulted in partial incapacity was against him; but to what extent was not certain. The insurer undoubtedly, we think, had the right to have the degree of incapacity further defined or limited, if it could do so by the testimony sought to be elicited. The question was well adapted to have that effect. Let us suppose that the answer had expressed the opinion that the incapacity was 10 per cent, can it be said that the exclusion of such testimony could not reasonably have affected the conclusion of fact that the employee had suffered total incapacity for a year? We think not.

■ Another assignment of error is: "The trial court erred in finding as a fact that appellee Ewell Harris suffered a total incapacity to labor for a period of a year as a result of injuries received while in the course of his employment on February 18, 1938." The employee counters with the proposition that it "is not a distinct specification of error as required by Art. 1844, R.S., Vernon's Ann.Civ.St. art. 1844, in that it fails to point how or wherein the court erred in said finding and thus does not present any question for this court to review." The assignment of error distinctly specifies as error a finding of fact constituting an issue necessary to support the judgment for the employee. That seems to us to comprehend the entire function of an assignment of error. Clarendon, etc., Agency v. McClelland, 86 Tex. 179, 23 S.W. 576, 22 L.R.A. 105.

The counter proposition does not present the question that the assignment of error, although sufficient as such, is not supported by the record. Foust v. Jones, Tex.Civ. App., 90 S.W.2d 665. If, however, the record failed to support the assignment it would involve a fundamental error. The assignment here with respect to necessary support by the record differs from those considered in the case last cited in this: Here the finding specified as the ground of error is *necessarily* implied in the judgment of the court; while in the other case the "holdings" assigned as errors were not necessarily implied. In Wilson v. Johnson, 94 Tex. 272, 60 S.W. 242, an entire assignment of error was held to be implied. If an entire assignment of error may under any circumstances be implied, then it would be difficult consistently to reconcile therewith a holding that an assignment specifying a ruling or action of the court necessarily implied by the judgment rendered would be insufficient as an assignment of error.

■ Five physicians testified in the case. Three testified that the employee did not have a hernia. The two who testified that he did have said that it was "an incomplete hernia." As already seen, one of the two—Dr. Snow—said the incapacity was partial, not being permitted to say what he considered the percentage of incapacity to be. Dr. Cash, the other of the two physicians called as witnesses for the employee, being asked "whether or not, in your opinion, he suffers total incapacity to labor" answered "for manual labor, for the purpose of obtaining employment at manual labor, I would say that he cannot secure manual labor in the condition he is in at this time." Asked again, "Would you say that he is totally incapacitated?" He answered, "No, I didn't say that, and I won't say that * * * I said if I were examining him, I wouldn't pass him without a waiver on his hernia; but we do have men that do work with a complete hernia every day."

"Q. * * * tell the court what percentage he is disabled right now, from doing manual labor at all. A. He is not disabled, except that his hernia might pop on through at any time. '

"Q. Which would disable him? A. Not necessarily. I know many men that have worked all their lives with hernia.

"Q. Ordinarily does a person suffer pain from it all along? A. No, not necessarily at all; not necessarily."

It is not deemed advisable to review all the evidence which may have a bearing upon the question. There is, however, other evidence. There is an implication from the testimony of the employee's expert witnesses that if the employee wore a truss he would be able to work. There was no effort to remove such implication. The employee himself as a witness testified that he had had a number of jobs since the injury, but nowhere does he say that he failed to obtain employment or lost a job because of the injury.

As we see it, if it can be said that there was any evidence to show total incapacity more than a mere scintilla, surmise or suspicion, which is held to constitute no evidence, the evidence is so uncertain and inconclusive and against the great weight and preponderance of the evidence as right-

ly to call for the exercise by this court of its jurisdiction to determine that the evidence is insufficient.

For the reasons discussed, it is our opinion that the judgment should be reversed and the cause remanded. It is so ordered.