**MELEAR et ux. v. E. A. FRETZ CO., Inc.**

**No. 13075.**

Court of Civil Appeals of Texas. Dallas.

Oct. 10, 1941.

Rehearing Denied Nov. 7, 1941.

Claude L. Milburn and J. S. Simkins, both of Corsicana, for appellants.

Haskell H. Cooper, of Dallas, for appellee.

LOONEY, Justice.

On original submission, we affirmed the judgment below for the reason set forth in a per curiam opinion; [1] we said: "Appellants sued to recover damages for the conversion of certain chattels, upon which they held a lien to secure an unpaid indebtedness of $125, and interest. Appellee interposed a plea of two years' limitation, which was sustained by the trial court, and judgment was rendered that appellants take nothing. The appeal is without a statement of facts; but, from the findings, we ascertain that, the conversions took place during the months of May and August, 1936, of which, however, appellants had no actual knowledge until about April 1, 1937. The suit was filed more than two years after the conversions, but within two years from the date appellants acquired actual knowledge. To avoid the bar of limitation, it was incumbent upon appellants to show that, by the exercise of reasonable diligence under the circumstances, they could not have ascertained the fact of conversion earlier. No such showing having been made, we cannot say that the trial court erred, hence the judgment below is affirmed."

After a careful reconsideration of the case on rehearing, we are of opinion, for reasons which will be stated, that error was committed in affirming the judgment. The facts giving rise to the suit, as revealed by the findings of the trial judge, are that, on January 1, 1936, appellants sold and delivered to Mrs. Dodson and Mrs. Rainwater a certain beauty parlor outfit, situat-

---

[1] No written opinion—merely a notation.

ed in Longview, Gregg County, Texas, which included the property involved in this suit, the consideration being $600, of which $300 was paid in cash, and the execution of twelve notes, payable to appellants, for $25 each; the transaction being evidenced by a bill of sale duly executed, retaining a lien on the property sold to secure the purchase-money notes, which was duly filed and registered as a chattel mortgage in the records of Gregg County where the property was situated, and where the parties resided. Later, and before the transaction here involved, appellants moved from Longview to Corsicana, Navarro County, Texas, where they have since resided.

In the status just described, on or about May 6, 1936, and August 13, 1936, Mrs. Dodson and Mrs. Rainwater purchased certain new equipment from the appellee, E. A. Fretz Co., Inc., of Dallas, Dallas County, Texas, and traded in on the deal and delivered to appellee, the three hair dryers and a permanent wave machine, for the conversion of which this suit was filed. Neither the mortgagors nor appellee notified appellants of the sale of said property, nor did they have actual knowledge that the mortgaged property had been purchased by and delivered to the appellee until April 1, 1937.

Although, as found by the Court, appellee had no actual knowledge of the existence of the chattel mortgage lien on said property at the time it took over same, yet we think it inescapable that, under the express provision of Art. 5497, R.C.S., appellee was charged with notice of the existence of the mortgage lien, and took the property subject to all the rights of the mortgagees.

We have reached the conclusion that, our error was in holding that "To avoid the bar of limitation, it was incumbent upon appellants to show that, by the exercise of reasonable diligence under the circumstances, they could not have ascertained the fact of conversion earlier." In view of the undisputed facts, the provisions of the statute, and the doctrine announced in certain adjudicated cases, we do not think there existed any duty on the part of appellants to exercise diligence to discover the conversion, therefore, as no duty existed, they could not be charged with negligence.

Art. 5496, R.C.S., forbade the mortgagors to sell or dispose of the property without the consent of the mortgagees, and Art. 1558 of the Penal Code, as amended at the Second Called Session of the 41st Legislature, in July, 1929, c. 48, Vernon's Ann. P. C. art. 1558, makes it highly penal for a mortgagor to sell or otherwise dispose of mortgaged property with the intent to defraud the person holding the lien, providing that, proof that the mortgagor sells or otherwise disposes of the mortgaged property, and "failed to pay the debt or any part thereof when due for which the mortgage or lien was given, * * * shall be prima facie evidence that such property was * * * disposed of with intent to defraud as provided in this Act." The instant case belongs in that category, as the court found that the mortgagors failed to pay, when due, the last five of the installment notes secured by the mortgage, and that the same remained unpaid, totaling at the time of the trial, including accrued interest, the sum of $139.37.

In the recent case of Beaumont Rice Mills v. Dishman, 106 S.W.2d 1067, the Beaumont Court of Civil Appeals, confronted with similar facts, held, in view of the provisions of the statutes just referred to, that where a chattel mortgage is duly recorded, a sale by the mortgagor, without the consent of the mortgagee, passed no title to the purchaser and did not in any way affect the right of the mortgagee, nor impair his remedy; that one contracting to purchase mortgaged property from the mortgagor, with knowledge of the mortgage, and without the consent of the mortgagee, is a party to the unlawful contract. See a similar holding by the same court in 72 S.W.2d 365, in which the Supreme Court refused a writ of error.

In view of the provisions of the statute referred to, we do not think it can correctly be said that there existed any duty on the part of the mortgagees to maintain a constant vigil and ceaseless watching to detect whether or not the mortgaged property had been removed or disposed of, but had the right to assume that, the law would be obeyed and that the property would not be disposed of or removed without their consent; hence do not think they could be held remiss in failing to sooner ascertain that the property had been sold and delivered to the appellee in violation of the statutes.

In the case of Griffith & Wedge v. Morrison, 58 Tex. 46, 51, the Supreme Court,

speaking through Judge Bonner, used the following pertinent language; he said: "It is said by a learned author that 'the object in requiring the record of the mortgage is to give publicity to it, and to provide a source of information common to all persons, so that they may determine with some degree of facility, convenience and certainty, the question of title to the property, whenever they may be interested to know it; while at the same time it is not among the purposes of the recording acts to subject a bona fide mortgagee to the inconvenience of the constant vigilance and ceaseless watching which would be requisite to guard and secure his interests, if he were obliged to record his mortgage in every town into which the mortgagor might see fit to remove with the property.'"

We have reached the conclusion, for the reasons stated, that error was committed in affirming the judgment below, therefore, appellants' motion for rehearing is sustained, our former judgment is set aside, the judgment below is reversed, and judgment is here rendered in favor of the appellants against appellee, E. A. Fretz Co., Inc., for the sum of $130, being the value of the property converted, as found by the trial judge, to bear six per cent interest per annum from March 19, 1940, the date such judgment should have been rendered by the trial court; together with all costs of this and of the courts below.

Reversed and rendered.